JOSEPH B. HEISHON, Respondent, *v.* THE KNICKERBOCKER LIFE INSURANCE COMPANY et al., Appellants.

The court at Special Term has no power to grant an order for the examination of a defendant for the purpose of enabling the plaintiff 'to make and serve his complaint.

The right to such an examination is purely a statutory one; the mode pointed out by the statute must be followed; and by the statute (New Code, §§ 872, 873) the application must be made to, and the order granted by, a judge, not by the court.

Such an order, made by the Special Term, is reviewable here.

(Submitted April 8, 1879; decided May 20, 1879.)

APPEAL from order of the General Term of the Superior Court of the city of New York, affirming an order of Special Term.

The substance of the orders appears in the opinion.

*Horace E. Deming,* for appellants. The order appealed from affects a substantial right not resting in discretion, and is reviewable in this court. (Code of Civil Proc., § 190, subd. 2; *Glenny* v. *Studwell,* 64 N. Y., 120; *People* v. *Mut. G. L. Co.,* 7 W'kly Dig., 204.) An order of examination can only be granted in the cases and in the mode prescribed by statute. (Part 1, chap. 18, art. 3, § 51, R. S.; *Verplanck* v. *Merc. Ins. Co.,* 1 Edw., 84; *Att'y-Gen'l* v. *Utica Ins. Co.,* 2 J. Ch., 384; *Lattimer* v. *Libby,* 45 Barb., 67; *Howe* v. *Deuel,* 43 id., 504; *Galway* v. *U. S. St. Sugar Ref. Co.,* 36 id., 256; *Gilman* v. *Green Point Sugar Co.,* 4 Lans., 483.)

*Hutchins & Clinch,* for respondent.

*Per Curiam.* A motion was made after the service of the summons in this action, upon notice served upon the defendants' attorneys, at Special Term for an order requiring the two individual defendants to appear, at a time and place to be specified, and be examined, for the purpose of enabling

the plaintiff to make and serve his complaint, " as provided in article 1, title 3, chapter 9 of the Code of Civil Procedure." Upon such motion the court made an order requiring the two defendants to appear, at a time and place named, before the judge there holding the court, for the purpose of their examination, " and on such other day or days as their examination may be adjourned to ; " and it was also ordered that a copy of the order be served upon defendants on or before a day named. From that order the defendants appealed to the General Term, where the order was affirmed, and it was further ordered there that the two defendants " appear personally before this court, at a Special Term, to be held at chambers thereof in the county court house in said city, on the 8th day of March, 1879, at 10 o'clock in the forenoon, and on such other days as their examination may be adjourned to, and be there and then examined as witnesses, in accordance with " the previous order."

The right of the plaintiff to have the examination of these two defendants is strictly statutory. Independent of the statute, there is no such right. The court has no ·inherent or common law power to order the examination. The statute points out how the examination is to be procured, and that mode must be followed. Section 872 of the Code provides that the party desiring to take the examination must make an affidavit stating certain facts, and that he may present such affidavit to a judge of the court in which the action is pending ; or if pending in the Supreme Court, to a county judge. Section 873 provides that the judge to whom the affidavit is presented must grant an order for the examination, which order must require the party to be examined to appear before the judge or before a referee named in the order, for the purpose of taking the examination, at a time and place therein specified. Sections 876 and 880 provide that upon proof, by affidavit, that service of a copy of the order and of the affidavit has been duly made, the judge or referee must proceed to take the examination ; and he must insert in the same every answer or declaration of the person

examined, which either party requires to be·inserted; and that he must certify and file it in the office of the county clerk.

No power is anywhere conferred upon the court to order the examination or to take it.

The court at Special Term, therefore, had no power to make the order for the examination of these defendants. It matters not that the examination was ordered to be taken before the same judge who held the Special Term. It was a court order, and not the order of the judge; and the General Term had no power to order the examination to be · had at Special Term.

As there was no power to make the order, the appeal to this court is proper.

The orders of the Special and General Terms must be reversed, and the motion must be denied, with ten dollars costs of the motion and the costs of the appeals.

All concur.

. Orders reversed and ordered accordingly.