HENRY F. CROSBY, Plaintiff, *against* GEORGE W. THEDFORD, Defendant.

(Decided April 13th, 1885).

Specific performance of a contract to purchase real estate will not be decreed against a purchaser refusing to accept a title derived from a sale in an action for foreclosure, in which the summons was served upon necessary defendants pursuant to an order for publication, made by a Special Term of the court.

Upon submission of a controversy upon facts admitted, the court is confined to the facts agreed upon, and cannot make any inferences or in any way depart from or go beyond the statement presented.

SUBMISSION of controversy upon admitted facts.

The case agreed upon was, that plaintiff demanded specific performance of a contract for the purchase of real

estate by defendant from plaintiff, entered into between them, which was set forth; and defendant claimed that he should not be forced specifically to perform, because plaintiff's title was not such that he could convey a good, clear, and indefeasible title in fee simple to said property according to said contract.

The case stated, as among the facts upon which the controversy depended, that plaintiff's title was derived from a purchase made by him of the property under foreclosure sale by order of the Supreme Court, in an action in which he was one of the plaintiffs, and several persons named, being all the defendants in the action, were necessary and proper parties ; that " the summons and complaint were, by the court at Special Term, September 15th, 1879, ordered to be served on " certain of the defendants named, " as non-resident, by publication once a week for six successive weeks, etc., in the usual form; such publication was made in the two newspapers named in said order; " and copies of the affidavit presented on making said order, the order, and the affidavit of mailing the same, were set forth.

The order of publication commenced with a caption, as follows : " At a Special Term of the Supreme Court of the State of New York held at the County Court House in the City and County of New York on the 15th day of September, 1879.   Present—Hon. Theodoric Westbrook, Justice ;" and was signed, " T. R. Westbrook, J. S. C."

It further appeared from the case that certain of the defendants, against whom such service by publication was ordered, did not appear or answer in the action.

*Franklin A. Paddock*, for plaintiff.

*David L. Walter*, for defendant.

LARREMORE, J.—This case is presented by the submission of a controversy upon admitted facts under the provisions of the Code of Civil Procedure.   The plaintiff seeks specific performance of a contract for the purchase and sale of

real estate. The defendant refuses to perform his part of the contract upon the ground that the plaintiff cannot convey a good title. It appears from the record that he acquired his title under a foreclosure sale in which action some of the defendants therein were served under an order for publication made by the Special Term of the Supreme Court, although signed by a judge thereof.

Section 440 of the Code requires that such an order shall be made by a judge of the court or the county judge of the county where the action is triable.

It was held in *Schumaker* v. *Crossman* (12 Weekly Dig. 99) that the court at Special Term had no power to make such an order. See also the rulings in *Heishon* v. *Knickerbocker Life Ins. Co.* (77 N. Y. 278). Were it not for the facts admitted in the case, among which it appears that the order of publication was made at Special Term, we might be inclined to disregard the caption of the order and regard it as within the requirements of section 440 of the Code. But under the rulings in *Fearing* v. *Irwin* (55 N. Y. 486), we are confined to the facts agreed upon, and can make no inferences or in any way depart from or go beyond the statement presented.

The question presented is one of jurisdiction, and as shown by the submission, one of the requirements of the statute has not been complied with. While a title should not be disturbed upon a mere technicality, it must be shown by the record that the court had proper jurisdiction. The defendant should not be compelled to accept a questionable title, and should be relieved from the contract of September 27th, 1884.

Having reached this conclusion it is unnecessary to consider the other questions presented in the case.

Judgment is ordered in defendant's favor.

J. F. Daly and Van Hoesen, JJ., concurred.

Judgment for defendant.