count for breach of the warranty and another for fraud in the making of it. The jury found the warranty, but that there was no fraud. On motion to reduce the damages to the loss of the cow, and on appeal, it was contended for the defendant that for a mere breach of the warranty he was not responsible for the loss of the other cows, though he would have been if he had been guilty of a false representation. It was held that the measure of damage was the same without the fraud, as the result if the cow was infected must have been in the minds of both parties. So must the result of driving a kicking and runaway horse to a light wagon be in the minds of both parties when the horse is being bought and warranted kind and gentle for that purpose. The cases Allen v. Truesdell, 135 Mass. 75, and Case v. Stevens, 137 Mass. 551, are in tort, the latter not being easy to understand. I think the law is with the plaintiff, unless it may be avoided by some subtle distinction which is without foundation in reason. Short v. Matteson, 81 Iowa, 638, 47 N. W. 874; Swain v. Schieffelin, 134 N. Y. 471, 31 N. E. 1025; Trust Co. v. O'Brien, 143 N. Y. 284, 38 N. E. 266; Walker v. Milner, 4 Fost. & F. 745.

The motion is denied.

---

(38 App. Div. 1.)

WIECHERS v. NEW HOME SEWING–MACH. CO. et al.

(Supreme Court, Appellate Division, First Department. February 24, 1899.)

DISCOVERY—EXAMINATION OF PARTIES—JURISDICTION OF COURT.

Code Civ. Proc. § 872, requiring a judge to order the examination of a party as a witness before trial on an ex parte application supported by a certain showing, does not authorize a court, on notice and hearing, to make such an order.

Appeal from special term, New York county.

Action by Adolph Wiechers against the New Home Sewing-Machine Company and others. There was an order for the examination of plaintiff before trial, and he appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Edwin R. Leavitt, for appellant.
Charles E. Mahony, for respondents.

PATTERSON, J. The plaintiff appeals from an order requiring him to be examined as a witness, before trial, concerning an alleged fact which the defendant deemed it necessary to establish on the trial, and proof of which, it claimed, it could not otherwise procure. The order is a court, and not a judge's, order. It was made on motion to the court, brought on pursuant to a formal notice, and after hearing counsel both in support and in opposition to the motion, and was entered as a court order. The only authorized practice under section 872 of the Code of Civil Procedure, which regulates applications of this character, is to apply ex parte to a judge, who, if the papers are sufficient, must make the order. We are aware that it has been decided that, where application is made on notice to examine a party to an action before trial, and affidavits have been submitted on both sides, the court is in the same position in which it would have been had

an ex parte order been first granted, and then a motion made on notice to vacate (Witcher v. Association [Super. N. Y.] 14 N. Y. Supp. 290); but the difference between an order of a judge and an order of the court does not seem to have been considered in that case. That there is such a difference, and that the distinction is radical, has been expressly decided as to an order made under this very section (872) of the Code. In Heishon v. Insurance Co., 77 N. Y. 278, it was held that an order for the examination of a party, made by the court, as distinguished from a judge's order, was made without power.

The order must be reversed, with $10 costs and disbursements. All concur.

---

(37 App. Div. 547.)

O'BIERNE v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department. February 24, 1899.)

1. RAILROADS—ACCIDENTS AT CROSSING.
　　Plaintiff, driving on a street across which defendant had four tracks, before reaching them, looked up and down them, and, not seeing or hearing any car, crossed one or more tracks, and, when 30 feet from another, looked again, and, seeing nothing, kept on. When the horses were on the track he saw a detached car approaching, and, though he attempted to get across, it struck him. There was no brakeman on the car, or flagman at the crossing. Held to make a prima facie case of negligence against defendant.

2. SAME—CONTRIBUTORY NEGLIGENCE.
　　Whether plaintiff was guilty of contributory negligence was for the jury.

Appeal from trial term, New York county.

