(36 Misc. Rep. 642.)

## HAEBLER et al. v. HUBBARD et al.

(City Court of New York, General Term. December, 1901.)

1. DISCOVERY—EXAMINATION BEFORE TRIAL.

Where an ex parte order requiring defendants to appear for examination before trial is vacated and subsequently reinstated on appeal, a later order requiring them to appear on a day certain is not a new order, but merely makes the original order effective.

2. SAME—AFFIDAVIT.

Where the later order requiring defendants to appear for examination before trial recites the original order, it is not necessary that it should be made on an affidavit embracing all the requirements of Code Civ. Proc. § 872, relating to affidavits on motion for examination before trial.

Appeal from special term.

Action by Theodore Haebler and others, against Samuel T. Hubbard and others. From an order denying defendants' application to vacate an order directing them to appear for examination before trial, they appeal. Affirmed.

Argued before DELEHANTY, HASCALL, and McCARTHY, JJ.

Hawkins, Delafield & Sturges (Eugene D. Hawkins and Caleb A. Burbank, of counsel), for appellants.

Nathan, Leventritt & Perham (Frederick E. Perham, of counsel), for respondents.

DELEHANTY, J. On October 18, 1900, plaintiffs obtained an order, upon ex parte application, for the examination of defendants before trial. Upon defendants' motion, this order was thereafter vacated, whereupon plaintiffs appealed therefrom and secured a reversal thereof. It is conceded that this action revived the order of examination, and appellants now contend that all that was necessary to make it effective was an order requiring the parties to appear pursuant thereto at a time stated, the return day in the original order having lapsed. This was not done, according to the claim of appellants, but they insist that the order requiring defendants to appear for examination before trial, obtained after the entry of the reversal order referred to, was, in fact, a new order for

such examination, and, as it was made upon an affidavit which failed to embrace all the requirements of section 872 of the Code of Civil Procedure, the order in question was improperly granted. The court at special term, upon an application to vacate this last order, failed to accept defendants' contention as stated, but, on the contrary, held that the order in question simply made effective the original order of examination, which after having been vacated, was by the general term reinstated. It is from this order that this appeal is taken.

We conclude the court below was correct in its determination. The order in question recited the original order of examination, and the affidavit upon which it was granted was annexed thereto and set forth the issuance of that original order, its service upon the defendants, its subsequent vacation by special term and reinstatement by general term, all of which show that the order made was intended to stand upon the original order of examination. The court, in our opinion, had before it all the jurisdictional facts necessary to make the order in question, and the defendants, from the papers necessarily served upon them, full knowledge of the grounds of the application. Such being the case, the order made was correct, and should be affirmed, with costs to the respondent. All concur.

Order affirmed, with costs.