(118 App. Div. 850)

### GRANT et al. v. GREENE et al.

(Supreme Court, Appellate Division, First Department. April 5, 1907.)

1. DISCOVERY—EXAMINATION BEFORE TRIAL—GROUNDS — AFFIDAVITS — SUFFI-
CIENCY.

    An affidavit for the examination of a defendant before trial, which re-
fers to the unverified complaint attached to and made a part of the affi-
davit, sufficiently shows the nature of the action, though the reference to
the complaint in the affidavit is not a verification of the complaint, so as
to permit it to be read and considered as an affidavit.

2. SAME.

    In the absence of bad faith, a party is entitled to examine the adverse
party before trial as to facts shown to be material to the issues and of
which he has knowledge, and to take his deposition for use on the trial,
though the party may procure the evidence from other persons or could
subpœna the adverse party for the trial.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, §§
49–51.]

3. SAME.

    On an application for the examination of a defendant before trial, it
appeared from the complaint that plaintiff, in order to establish the cause
of action, must prove a course of dealing between several corporations, in
all of which it was alleged the defendant had taken a part. The affidavit
averred that defendant had had transactions with the corporations. *Held*,
that the affidavit, in the absence of any denial of knowledge of the facts
by defendant, was sufficient on which to base an order for his examina-
tion before trial, as against the objection that his connection with and re-
lation to the corporations were stated as conclusions, and not as facts.

    Appeal from Special Term, New York County.

    Action by James A. Grant and another against William C. Greene
and others. From an order vacating an order for the examination be-
fore trial of defendant William C. Greene, plaintiffs appeal. Reversed,
and motion to vacate denied.

    Argued before PATTERSON, P. J.; and INGRAHAM, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

    Walter B. Raymond, for appellants.

    M. E. Harby, for respondents.

    SCOTT, J. The plaintiffs appeal from an order vacating an order
for the examination of the defendant William C. Greene as a witness
before trial. The learned court below, recognizing the liberal rule now
in force in this department respecting such examinations, still was of
the opinion that in this case the affidavit of the plaintiffs did not suffi-
ciently state the essential facts to sustain an order for examination.
It is quite true that, as usual in this litigation, the papers are voluminous
and many of the allegations are argumentatively stated; but it is pos-
sible to extract from the affidavit upon which the order of examination
was granted all the necessary facts to sustain the order.

    First, the nature of the action is stated. This is done by a reference
to the complaint, which is attached to and made part of the complaint.
This complaint is unverified, and while the reference to it in the affidavit
is not equivalent to a verification, so as to permit the complaint itself to
be read and considered as an affidavit, yet such a reference is equivalent

to a statement in the affidavit of the cause of action and the claims which the plaintiffs assert. Second, certain facts are recited tending to show that it is quite probable that plaintiffs may not be able to secure Greene's attendance at the trial; third, that Greene is the only person living who has a full and complete knowledge of all the facts necessary to prove plaintiffs' cause of action; fourth, that Greene has been examined exhaustively in various actions and proceedings concerning many of the transactions set forth in the complaint, and has made several admissions and statements which will go far to prove the allegations of the complaint, but for certain reasons such examinations, admissions, · and statements cannot be used at the trial of this action against the defendants other than said Greene; fifth, that Greene has knowledge of the specific facts and circumstances as to which an examination is sought, that he was the original owner of the mines involved in the litigation, or of options upon them, was one of the organizers and directors of the Cobre Grande Copper Company, personally conducted negotiations with one Lawson and one Addicks named in the complaint, was president of the Cobre Grande Copper Company, was president and organizer of the Greene Consolidated Copper Company and the Cananea Consolidated Copper Company, with which corporations he has been identified since their organization, either as officer or director; sixth, that plaintiffs intend to call said Greene upon the trial as one of their principal witnesses.

The present rule in this department is that, in the absence of bad faith or abuse of process, a party to an action is entitled to examine his adversary before trial as to facts which are material to the issues and of which he has knowledge, and to take his deposition for use on the trial; and it is no answer to such an application that the party making it can procure the evidence from other persons, or could subpœna his opponent for the trial. Goldmark v. U. S. Electrical Gal. Co., 111 App. Div. 526, 97 N. Y. Supp. 1078; McKeand v. Locke, 115 App. Div. 174, 100 N. Y. Supp. 704. It is still necessary, however, to show that material issues are involved, of which the party sought to be examined has knowledge; and this must be established, not by mere assertion of the affiant's conclusions to that effect, but of facts from which the justice to whom application is made can himself draw the necessary conclusions.

The action is one by stockholders of the Cobre Grande Copper Company to procure a decree adjudging that the Cananea Consolidated Copper Company, a Mexican corporation, holds the legal title to certain mines and mining properties in the republic of Mexico in trust for the Cobre Grande Copper Company, and for the purpose of compelling the defendants William C. Greene, the Greene Consolidated Copper Company, and the Cananea Consolidated Copper Company to account for and pay over to the Cobre Grande Copper Company the benefits and profits derived from said mines and mining properties. An examination of the complaint shows that, in order to establish the cause of action therein alleged, it will be necessary to prove a long course of dealing between the several corporations, in all of which, as it is alleged, the defendant Greene took a very active part. If it be true, as affirmed by the affiant, and it is not denied, that Greene held the relations to the several defendants that are set forth in the affidavit, the

conclusion is irresistible that he must have knowledge of, and can testify to, many of the transactions set forth in detail in the complaint, and a perusal of the complaint, in connection with the recital of his intimate connection with the defendant corporations, is quite sufficient to satisfy the court, in the absence of any denial of knowledge, that his testimony will be material, and that he has knowledge of the facts, or some of them, which the plaintiffs wish to prove.

The respondent criticises the affidavit because, as it is said, it states only conclusions, and not facts. Certainly Greene's connection with and relations to the various companies are stated as facts, and it is from these connections and relations that we are entitled to draw the inference as to his knowledge. If the point of the criticism is that the affiant does not state the evidence tending to prove the facts, the answer is that this is not required.

Our conclusion is that the order for examination was properly granted, and the order vacating it must be reversed, with $10 costs and disbursements, and the motion to vacate denied, with $10 costs. All concur.

---

(118 App. Div. 853)

### GRANT et al. v. GREENE CONSOL. COPPER CO. et al.

(Supreme Court, Appellate Division, First Department. April 5, 1907.)

1. DISCOVERY—EXAMINATION BEFORE TRIAL—GROUNDS.

    A plaintiff is not entitled to examine before trial the officers of a defendant corporation, for the purpose of finding out on whom he can serve a summons, in order to bring another defendant into the jurisdiction.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, §§ 49–51.]

2. MOTIONS—DETERMINATION—CONCLUSIVENESS.

    The refusal, on an ex parte application, to vacate an order for the examination of persons before trial, is an ex parte order, and not a bar to a formal motion on proper notice, though at the request of the justice hearing the ex parte application the attorney of the adverse party was notified of the hearing and was given permission to submit his views.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Motions, § 88.]

Appeal from Special Term, New York County.