GRANT et al. v. GREENE et al.

(Supreme Court, Appellate Division, First Department. November 8, 1907.)

1. DISCOVERY—STATUTORY PROVISIONS—ORDER FIXING NEW DATE—AUTHORITY TO MAKE.

Though Code Civ. Proc. § 873, requiring a judge to order an examination of a party as a witness before trial on an ex parte application supported by a certain showing, does not authorize a court to make such an order, yet where the examination could not be had at the time original-

ly prescribed therefor, owing to a stay procured by the party to be examined, the court had power, on affirmance of the order on appeal and vacation of the stay, to fix another day for examination pursuant to the original order of the judge.

2. SAME.

Where an examination of a party as a witness before trial could not be had at the time prescribed in the order for such examination, owing to a stay procured by the party to be examined, an order fixing another date, on affirmance of the original order on appeal and vacation of the stay, was not in effect an adjournment, in violation of Code Civ. Proc. § 876, vesting authority to adjourn the examination in the judge or referee before whom held.

Appeal from Special Term.

Action by James A. Grant and another against William C. Greene and the Greene Consolidated Copper Company, impleaded with the Cananea Consolidated Copper Company and another. From an order directing that Greene be examined as a witness in behalf of plaintiff, pursuant to Code Civ. Proc. § 873 (105 N. Y. Supp. 641), Greene and the Greene Consolidated Copper Company appeal. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

M. E. Harby (F. W. M. Cutcheon and Franklin E. Searle, on the brief), for appellants.

Walter B. Raymond (Samuel S. Watson and Chester A. Jayne, on the brief), for respondents.

LAUGHLIN, J. The validity of the order is challenged upon the ground that an order to take the deposition of a party or witness, pursuant to the provisions of article 1, tit. 3, c. 9, of the Code of Civil Procedure, cannot be made by the court, but only by a judge, but the order from which the appeal is taken merely fixes a time for the examination to be had pursuant to a former order duly made by a justice of the Supreme Court. The proceedings on the part of the plaintiff had been stayed, by an order granted at the instance of the appellants, until after the time for the examination pursuant to the order of the justice had passed, and therefore the objection is not tenable. It appears that, on the application of the plaintiffs in this action, a justice of the court on the 19th day of January, 1907, duly granted an order for the examination of the appellants concerning matters relative to the allegations contained in the complaint pursuant to the provisions of section 873 of the Code of Civil Procedure, and for that purpose directed that Greene appear before the referee therein named, at the latter's office in the borough of Manhattan, New York, on the 25th day of January, 1907, at 10 o'clock in the forenoon. On the 23d day of January the appellant Greene and the companies obtained from the same justice an order to show cause, returnable at the Special Term one-half hour after the time fixed for the examination, why the order for the examination should not be vacated, and staying proceedings under the order until the hearing and determination of the motion. On the 1st day of February, after a hearing at Special Term, the motion to vacate the order for the examination was granted; but on appeal to this court that order was duly reversed on the 5th day of

April, 1907. The reversal restored the original order; but, the time for the examination thereunder having passed while the plaintiffs' proceedings were stayed by an order obtained by the appellants, it became necessary for the plaintiffs to apply de novo to a judge for an order for the examination, or to apply to the court for an order fixing a date for the examination pursuant to the original order of the justice. The plaintiffs pursued the latter course, and the appellants insist that the former course only was open to them, and that the court was without jurisdiction to make the order. The provisions of the Code of Civil Procedure to which reference has been made plainly show that the Legislature conferred the authority to order such examination upon a judge, and not upon the court, and they have been authoritatively so construed. Wiechers v. N. H. Sewing Machine Co., 38 App. Div. 1, 56 N. Y. Supp. 235; Heishon v. Knickerbocker Life Ins. Co., 77 N. Y. 279. It does not follow, however, that the court, which is vested with power to stay, modify, and vacate such orders, may not give effect to an order duly made by fixing a time for the examination, where the examination at the time originally prescribed therefor could not be had, owing to a stay procured by or in behalf of the party to be examined, or those opposed in interest to the examination. It is true that the court could not initiate the examination; but it would seem that the court should have authority to render effective in such circumstances an order duly made by a judge.

It is contended that the order, in effect, constitutes an adjournment of the proceeding before the referee, and that this may not be done, since authority to adjourn the proceeding is vested in the judge or referee before whom the examination is to be taken by virtue of the express provisions of section 876 of the Code of Civil Procedure. This argument is fallacious. Proceedings under the order having been duly stayed, neither the plaintiffs nor the officer before whom the examination was to be had could have taken any step toward the adjournment of the hearing without being guilty of contempt. It has been the settled practice of the court, where the time for an examination under an order has expired by reason of a stay, on vacating the stay and sustaining the order, to fix another time for the examination, either with or without special application for the purpose, and to direct that it be had at such time pursuant to the original order. 2 Abbott's Practice & Forms (2d Ed.) 232; Haebler v. Hubbard, 36 Misc. Rep. 642, 74 N. Y. Supp. 461; Rochester Lamp Co. v. Brigham, 1 App. Div. 490, 37 N. Y. Supp. 402.

The opinion in Grant et al. v. Greene et al., 106 N. Y. Supp. 532, on the appeal from an order adjudging Greene in contempt for failing to obey the order now under consideration, disposes of the objection that service on the attorney was insufficient.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.