GRANT et al. v. GREENE CONSOLIDATED COPPER CO. et al.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

1. APPEAL—REVIEW—SUBSEQUENT APPEALS—MATTERS CONCLUDED.

The facts and considerations by reason of which it is contended on appeal from an order imposing a fine for contempt that appellant should not be punished having been presented in opposition to the order adjudging appellant in contempt and considered on appeal therefrom, though not discussed in any written opinion, the question whether appellant has technically been guilty of contempt is res judicata so far as the appellate court is concerned, and is not open to further discussion there.

2. SAME—THEORY AND GROUNDS OF DECISION OF LOWER COURT.

Though it is doubtful whether a certain order for examination is, strictly speaking, an order for the examination of a corporation, or for the examination of any one except a person named as its president, individually, yet it having throughout the litigation been considered and dealt with as an order for the examination of the corporation, it may properly be so considered for the purposes of appeal.

3. CONTEMPT—PUNISHMENT.

Though a corporation may have been technically guilty of contempt in not producing a person named as its president for examination pursuant to an order for the examination of the corporation, it is not a fair exercise of the discretion of the court to impose a penalty on it, where it appears that prior to the order such person had entirely severed his con-

nection with the corporation, having disposed of his stock, and ceased to be either president or a director, and that the company had no control or jurisdiction over him.

Appeal from Special Term.

Action by James A. Grant and another against the Greene Consolidated Copper Company impleaded with William C. Greene and others. From an order imposing on Greene and the copper company a fine as penalty for contempt, the copper company appeals. Reversed, and motion to punish the copper company denied.

See 122 App. Div. 888, 106 N. Y. Supp. 1128, 105 N. Y. Supp. 641, and 118 App. Div. 853, 103 N. Y. Supp. 676.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

M. E. Harby, for appellant.
Walter B. Raymond, for respondents.

SCOTT, J. The defendant Greene Consolidated Copper Company appeals from an order imposing upon it a fine as penalty for contempt. That company and William C. Greene, formerly its president, were adjudged to be in contempt by an order of the Special Term dated August 3, 1907. By that order it was provided that, if said Greene should within a specified time present himself for examination under a previous order therein recited, the said Greene Consolidated Copper Company might move to be purged of contempt, but that, if said Greene failed to appear for examination within the time specified, or to move to be purged of his contempt, the plaintiffs might move upon two days' notice for the fixing of a penalty or punishment of said Greene and the said Greene Consolidated Copper Company for said contempt. Separate appeals were taken from this order by Greene and by the Greene Consolidated Copper Company, and the order was affirmed—on Greene's appeal with an opinion (121 App. Div. 756, 106 N. Y. Supp. 532), and upon the copper company's appeal without opinion (122 App. Div. 888, 106 N. Y. Supp. 1128).

Greene did not appear for examination or purge himself of his contempt, and upon plaintiffs' motion the court at Special Term by the order appealed from has fixed a penalty or punishment to be imposed upon Greene and the company consisting of a fine made up of the statutory penalty of $250 and certain legal expenses found to have been incurred by plaintiffs in consequence of the contumacy which has been adjudged to have been contemptuous. The copper company now presents, as it did below, certain facts and considerations by reason of which, as it contends, it should not be punished. These facts were presented in opposition to the order adjudging it in contempt, and were considered upon the appeal therefrom, although not discussed in any written opinion. The question whether or not the defendant company has technically been guilty of contempt is therefore res adjudicata so far as this court is concerned, and is not open to further discussion here. The question as to the punishment to be inflicted is, however, still open, and in considering that we should consider all the facts upon which the company based its ap-

peal against the order imposing a fine upon it. The original order for examination dated January 19, 1907, directed that "William C. Greene, individually, William C. Greene, president of the defendant Greene Consolidated Copper Company, and William C. Greene, president of the defendant Cananea Consolidated Copper Company," be examined at a time and place specified. It is doubtful, under the construction given to the Code in this Department, whether this order was strictly speaking an order for the examination of the appellant company, or for the examination of any one except Greene individually. Jacobs v. Mexican S. R. Co., 112 App. Div. 657, 98 N. Y. Supp. 542; Shumacker v. Doubleday, Page & Co., 116 App. Div. 303, 101 N. Y. Supp. 587. The order has, however, throughout this litigation, been considered and dealt with as an order for the examination of the defendant company, and may properly be so considered for the purposes of this appeal. On February 1, 1907, the order for examination was vacated on motion of Greene and the defendant companies. This order was reversed on appeal on April 5, 1907, and the original order reinstated. Thereupon and on June 11, 1907, an order was made at Special Term directing Greene individually, and as president, etc., to appear and be examined at a time and place therein fixed. It is for this failure to so appear that he and the defendant company have been found to be in contempt. 121 App. Div. 761, 106 N. Y. Supp. 535. It is manifest that no contempt was committed by any one by reason of Greene's failure to appear on the day fixed for his examination by the original order, because when that day arrived the original order stood vacated.

The question to be considered, therefore, is as to the measure of the responsibility of the appellant company for Greene's refusal to appear and be examined as directed by the terms of the order of June 11, 1907. Assuming that the order for examination was one for the examination of the appellant company, and was properly served upon it, the duty thereby cast upon the company was to produce Greene, its president, for examination at the appointed time and place, for a corporation can only be examined in the person of one of its officers, and the only officer named in the order for examination was Greene, the president. A person will not ordinarily be punished as for a contempt for the failure to do an act which he cannot do, unless such inability is induced by his own wrongful act. Therefore, although the company may have been technically guilty of a contempt in not producing Greene for examination pursuant to the order of June 11, 1907, it would be unjust and unreasonable to inflict substantial punishment therefor, if at the time the company had no authority over Greene or power to coerce his movements. It appears and is uncontradicted that long before the order of June 11, 1907, was made, and on February 14, 1907, Greene had entirely severed his connections with the appellant company, having disposed of his stock therein and ceased to be either president or a director thereof, and after that date the company had no control or jurisdiction over him. The papers before us contain nothing to throw doubt upon the bona fides of this separation of interests, and, if it was as complete as it appears to have been, it is manifest that the company could not on June 11.

1907, or on the day fixed for examination by the order made on that day, either produce Greene for examination or present itself for examination in the person of Greene, its officer mentioned in the order. If it appeared by proof or fair inference, as it does not, that the severance of Greene's relations to the company was colorable only, and effected for the purpose of avoiding an examination, a different question would be presented. But as the facts are now laid before us it would be unjust, and not a fair exercise of the discretion of the court to impose a penalty upon the appellant company, for failing to do that which it was powerless to do.

The order in so far as appealed from by the Greene Consolidated Copper Company must therefore be reversed, with $10 costs and disbursements, and the motion to punish the appellant Greene Consolidated Copper Company denied. All concur.