PEOPLE ex rel. CECERE v. SLOCUM, County Treasurer, et al.

(Supreme Court, Appellate Division, Second Department. March 20, 1914.)

1. COURTS (§ 37*)—OBJECTIONS TO JURISDICTION.

An objection to the jurisdiction of a court may be taken at any time.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 147–149, 151, 156; Dec. Dig. § 37.*]

2. INTOXICATING LIQUORS (§ 76*)—LICENSES—CERTIORARI—JUDGE—COURT.

Liquor Tax Law (Consol. Laws, c. 34) § 27, subd. 1, providing for a writ of certiorari to be issued by a county "judge," gives no authority to the county "court" to issue such a writ.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 80; Dec. Dig. § 76.*]

Appeal from Dutchess County Court.

Certiorari by the People on the relation of Girolomo Cecere against Charles H. Slocum, County Treasurer, and Bernard Smith. From an order granting the writ, Bernard Smith appeals. Order reversed, and writ of certiorari dismissed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

James E. Carroll, of Poughkeepsie, for appellant.

CARR, J. The respondents have filed no briefs on this appeal. The order appealed from purports to be a final order in a certiorari proceeding brought by the relator to review the action of the county treasurer of Dutchess county in refusing to issue to him a liquor tax license. The petition is addressed "To the County Court of Dutchess County." The order directing the issuance of a writ of certiorari is entitled in the "County Court Dutchess County." The writ as issued is entitled likewise in the "County Court Dutchess County," and directs return pursuant to its provisions to the "County Court of Dutchess County." The final order is entitled in the "County Court Dutchess County."

[1, 2] By section 2123 of the Code of Civil Procedure, a writ of certiorari can issue only out of the Supreme Court, except "in a case where another court is expressly authorized by statute to issue it." This writ of certiorari was provided for by subdivision 1 of section 27 of the Liquor Tax Law, but that statute provides that it—

"may be issued by, returnable to, and heard by a county judge of the county, or a justice of the Supreme Court of the judicial district in which the premises are situated in which the applicant desires to carry on the business of trafficking in liquors."

So we have here, apparently, a proceeding of which the county court had no jurisdiction. This objection may be taken at any time, as is well settled.

The appellant cites, in support of his contention that the county court as such had no jurisdiction of this matter, the following authorities, all of which are in point: Heisohn v. Knickerbocker Life Ins.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Co., 77 N. Y. 278; Wiechers v. New Home Sewing Machine Co., 38
App. Div. 1, 56 N. Y. Supp. 235; and Matter of Wright, Peters &
Co., 73 App. Div. 75, 76 N. Y. Supp. 775. There are numerous other
authorities pointing out the distinction between a statutory power
given to a judge and that given to a court.

The order of the county court of Dutchess county should be re-
versed, with $10 costs and disbursements, and the writ of certiorari
dismissed. All concur.