PEOPLE ex rel. WARD v. HEGEMAN, County Treasurer, et al.

(Supreme Court, Appellate Division, Second Department. May 7, 1915.)

INTOXICATING LIQUORS ⚖➡76—LICENSES—CERTIORARI—JURISDICTION OF COUNTY COURT.

Under Liquor Tax Law (Consol. Laws, c. 34) § 27, subd. 1, providing for the issuance of a writ of certiorari by a county judge on application for a liquor tax certificate, an order on a petition for a writ of certiorari, addressed to the County Court, entitled at a Special Term of the County Court, stating that the judge of that county was "present," providing that the court in its discretion dispensed with notice of application therefor, and requiring return to the County Court that it might act thereon, made at a Special Term of the County Court, reciting the action of "the court," marked "Enter" by the county judge and certified by the clerk "Granted," was not an order by the county judge, but an order of the County Court, and hence beyond its jurisdiction.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. § 80; Dec. Dig. ⚖➡76.]

Appeal from Nassau County Court.

Certiorari by the People, on the relation of Elizabeth Ward, against Daniel J. Hegeman, as County Treasurer of Nassau County, and William W. Farley, as State Commissioner of Excise, etc., to compel the granting of a liquor tax certificate. From an order of the County Court, defendants appeal. Order reversed, and writ dismissed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, and RICH, JJ.

Charles R. O'Connor, of Hobart (Louis M. King, of Albany, on the brief), for appellants.

George E. Stoddart, of Mineola, for respondent.

JENKS, P. J. This is an appeal from an order that reverses the ruling and decision of the county treasurer of Nassau county, grants the application of the relator for the issuance of a liquor tax certificate, and requires the county treasurer, acting as deputy excise commissioner of the state, to issue such certificate.

The proceeding was begun by petition for a writ of certiorari. It was addressed to the honorable County Court of Nassau county. The order for the writ is entitled at a Special Term of the County Court held in and for the county of Nassau, with the statement that the county judge of that county was "present," and contains the provi-

sion that the court hereby in its discretion dispenses with notice of application for the writ. The writ requires return to the County Court of the county of Nassau at a Special Term, that the action of the county treasurer may be reviewed, and that "this court" (i. e., the County Court) may act thereon. The order appealed from is made at a Special Term of the County Court, held in and for the county of Nassau at the county courthouse, whereat the county judge was "present," recites the action of "the court" in the matter, was marked "Enter" by the county judge, and the clerk thereupon certifies that it was "Granted."

I think that this order must be regarded as one granted by the County Court, and not made by the county judge (People ex rel. Cecere v. Slocum, 161 App. Div. 733, 146 N. Y. Supp. 556), and that therefore upon the authority of this case, it must be reversed. There is a distinction that must be regarded as substantial between the statutory powers vested in a court and conferred upon a judge.

The order of the County Court of Nassau County is reversed, with $10 costs and disbursements, and the writ of certiorari is dismissed. All concur.