METERA v. FOSTER PAVING BLOCK CO.   (No. 267/2.)

(Supreme Court, Appellate Division, Third Department.   November 10, 1915.)

DISCOVERY ⬗52—JURISDICTION OF APPLICATION—COURT OR JUDGE.
    Order, under Code Civ. Proc. § 873, which provides that the judge to whom an affidavit for the taking of a deposition is presented must grant an order for the examination, must be made by the judge, and not by the Special Term.

    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 64; Dec. Dig. ⬗52.]

Appeal from Special Term, Broome County.

Action by Veronica Metera, as administratrix, etc., of Stanislov Metera, deceased, against the Foster Paving Block Company. From an order requiring an examination of two of defendant's officers before trial, and of complainant's electrical expert at defendant's plant, with permission to such expert, plaintiff's counsel, and the referee to make an examination of the plant, defendant appeals. Order reversed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

William H. Foster, of Syracuse (Hinman, Howard & Kattell, of Binghamton, of counsel), for appellant.

Charles R. Stewart, of Binghamton, for respondent.

JOHN M. KELLOGG, J. The right to examine a witness or party before trial is a statutory right, and to obtain it the statutory provisions must be complied with. The Special Term has no power to grant the original order; it must be made by a judge. Code of Civil Procedure, § 873; Heishon v. Knickerbocker Life Ins. Co., 77 N. Y. 278; Wiechers v. New Home Sewing Machine Co., 38 App. Div. 1, 56 N. Y. Supp. 235; Weinstock v. Hallenbeck, 163 App. Div. 966, 148 N. Y. Supp. 1150. The order was therefore improperly granted at Special Term.

We may state that the papers do not sufficiently show the necessity for the examination of the witness Rover, and do not warrant his examination and the examination of the defendant's plant. An examination of the plant cannot be obtained by such an order. Perhaps, upon proper facts shown, an inspection of the plant might be permitted under sections 803 to 809 of the Code of Civil Procedure.

The order is therefore reversed, with costs.

WOODWARD, J., concurs. SMITH, P. J., and LYON and HOWARD, JJ., concur in result.