(1 App. Div. 490.)

ROCHESTER LAMP CO. v. BRIGHAM.

(Supreme Court, Appellate Division, First Department. February 7, 1896.).

1. CONTEMPT—DISOBEDIENCE OF ORDER—SERVICE.

After an order for the examination of defendant before trial had been personally served on him, it was vacated on his motion, and he thereupon

left the state. Afterwards, while defendant was still out of the state, the vacating order was reversed on appeal, and the order of reversal directed defendant to appear on a certain day, and submit to the examination, which order was served personally on defendant's attorneys within the state. *Held*, that the failure of defendant to appear at the time fixed for the examination was a contempt of court, though it was not personally served on him within the state, as the jurisdiction acquired by the personal service on defendant of the order for the examination was not lost by the vacating of the order.

2. SAME—SERVICE OF ORDER TO SHOW CAUSE.

An order to show cause why a party should not be punished for contempt in disobeying an order served on him personally within the state need not be served on defendant, but may be served on his attorneys. Zimmerman v. Zimmerman (Sup.) 14 N. Y. Supp. 444, followed.

Appeal from special term, New York county.

Action by Rochester Lamp Company against John H. Brigham. From an order denying a motion to punish defendant for contempt in failing to appear and be examined as a witness before trial, plaintiff appeals. Reversed.

On the 28th of June, 1895, an order was made by a judge of the court requiring the defendant to appear at chambers on the 8th day of July, 1895, for examination before trial, and to be there examined as a witness at the instance of the plaintiff as to the issues in the action, and directing the order and affidavit on which it was granted to be served upon the defendant within the state, on or before July 2, 1895. This order was personally served upon the defendant June 28, 1895, in Brooklyn, by delivering to and leaving with him copies of the order and affidavit, and showing him the judge's signature to the original order. At the time and place specified in the order for the appearance and examination of the defendant, his attorneys appeared, and moved the judge then holding chambers to vacate the order. Thereupon the examination was adjourned by the judge to July 10, 1895. Thereafter, and on the same day, the judge made an order on such motion vacating the order for the examination. An appeal was taken from this latter order to the general term, and thereafter, and on the 18th day of October, 1895, the order appealed from was reversed, and an order to that effect was made by the general term. 35 N. Y. Supp. 1116. In and by such order of reversal, the general term required the defendant, in pursuance of the original order for the examination, to appear before one of the judges of the supreme court at chambers on the 22d day of November, 1895, and submit to such examination, and further ordered that service of the certified copy of the order on the defendant's attorneys on or before November 1, 1895, should be sufficient. The defendant left the state about July 10, 1895, and has never returned. The certified copy of the general term order was served personally on the defendant's attorneys in New York City, November 1, 1895, and personally on the defendant himself at Birmingham, England, November 4, 1895. The defendant failed to appear for examination November 22, 1895, and his default was taken by the judge then sitting at chambers. Upon papers showing the foregoing facts, an order was made December 3, 1895, requiring the defendant to show cause at special term December 11, 1895, why he should not be punished for contempt in failing to obey the mandate of the court to appear and submit to such examination, and ordering that service of this order upon the defendant or his attorney on or before December 4, 1895, should be sufficient. This order and the papers on which it was made were served personally on the defendant's attorneys in New York City, December 3, 1895, by delivering to and leaving with them copies thereof, and at the same time showing them the signature of the judge to the original order. Upon the return of this order to show cause, after hearing the attorney for the respective parties, an order was made denying the motion, and from such order this appeal is taken.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and INGRAHAM, JJ.

Edward C. Perkins, for appellant.
Brigham & Baylis, for respondent.

WILLIAMS, J. The original order for examination was served personally upon the defendant within the state. The court thereupon acquired jurisdiction of the defendant in this particular proceeding, as it already had jurisdiction of him in the action generally. The proceeding in his examination was a proceeding in the action. The original order, in legal effect, required the defendant to appear and submit to examination as a witness, not only on the day fixed in the order, but on such other days as the court or judge should by adjournment or otherwise direct. The examination of the defendant was never had, because, on his application, the original order was vacated by the judge before whom the proceeding was then pending. Having accomplished this result, the defendant left the state, went beyond the jurisdiction of the court and judges, and has never since returned. The reversal by the general term of the order vacating the original order for examination restored such original order, and it thereupon became binding upon the defendant, and his duty was to obey it. It was not necessary that the order of the general term fixing a time for the execution of the original order requiring the defendant to appear and be examined should be personally served upon him within the state in order to have jurisdiction of his person for the purpose of punishing him for contempt. Jurisdiction had already been acquired in the proceeding, and was not lost by the vacating of an order on the application of the defendant. The proceeding was merely suspended pending the appeal, and until the decision of the general term. The general term order, in effect, merely fixed a new time for him to comply with the order originally made. Of that new time he had notice, and that was all that was needful. Upon learning that the original order was reinstated, and that the court required his presence thereunder upon a given day, it was his duty to present himself upon that given day, and submit to examination. To hold otherwise would be to ignore the substantial requirement of the original order, and to treat the time incident as its crucial mandate. Upon such a narrow construction of the time direction, every adjournment would have to be personally served, and the failure to effect such service upon a single occasion would nullify the entire proceedings. We cannot, therefore, follow the extreme rule laid down in McCaulay v. Palmer, 40 Hun, 38. We quite agree that, to punish a party for contempt, the order which was disobeyed must have been personally served upon him. But that here was the original order, not the order of reinstatement. The latter was simply a judicial direction to continue obedience to the original reinstated order; and the contempt consisted of failure to obey such original and reinstated order after notice of this judicial direction, as prescribed by the general term.

Nor was it necessary that the order to show cause why the defendant should not be punished for contempt should be personally served on the defendant within the state. It was properly served

on his attorneys. Pitt v. Davison, 37 N. Y. 235; Zimmerman v. Zimmerman (Sup.) 14 N. Y. Supp. 444.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion remitted to the special term, to be heard upon the merits, when the court can give the defendant such time to appear and submit to examination as may be deemed reasonable under all the circumstances. All concur.