In re SIEBERT.

(Supreme Court, Special Term, New York County. January 10, 1900.)

1. ASSIGNMENT ACT—CONTEMPT—SERVICE.

Assignment Act, § 16 (Laws 1877, c. 466), requires that a citation to be served on an assignee without the state shall be served 30 days before the return day. Gen. Prac. Rule 37 provides that orders to show cause shall be returnable within 8 days. A citation for an assignee was served without the state 30 days before the return day, as required; and, on his failure to appear, an order to show cause why he should not be declared in contempt was issued and served returnable in 3 weeks. *Held* that, whether treated as a citation to appear, or an order to show cause, the service was invalid since it complied with neither the act nor the practice rule.

2. SAME.

An assignee cannot be punished for contempt for not obeying an order to make and file his account, when the order was served on him by mail.

Judicial accounting by Philip C. Slaughter as assignee of one Siebert. An order was issued to said Slaughter to appear and file his account, which he failed to obey. Motion to punish him for contempt. Denied.

E. B. Amend, for petitioner.
Samuel Untermeyer, for Surety Co.
Sullivan & Cromwell, for Milbank.

GILDERSLEEVE, J. The petitioner, Siebert, made an assignment for the benefit of his creditors to one Philip C. Slaughter. Slaughter qualified as such assignee, but failed to account. An order was obtained on March 30, 1899, directing the issuing of a citation on said day, returnable on June 6, 1899, directing said assignee and all persons interested to show cause why the assignee should not make and file his account. It was shown in the petition of the assignor, upon

which said order was based, that said assignor had settled with all his creditors, and was therefore entitled to whatever balance, overcharges, the assignee had in his hands. Upon proper proof, the order provided for service of the citation upon the assignee without the state; and he was duly served at Madison, N. J., more than 30 days before the return day of the citation, as provided by section 16 of the assignment act (Laws 1877, c. 466). On said June 6, 1899, the assignee failed to appear, either personally or by attorney, but his sureties were represented. On June 23, 1899, an order was entered directing the assignee to render and file his account on July 18, 1899, in the office of the clerk of New York county. This order was served by mail, as directed therein, on the assignee and his sureties. The said assignee, however, has never rendered or filed such account, nor has he appeared in these proceedings, although his sureties have appeared. On October 27, 1899, an order to show cause was made why said assignee should not be declared in contempt, and why a referee should not be appointed to take the account of said assignee, and why said assignee should not be required to appear before said referee on such accounting. The order provided for the personal service of said order without the state upon said assignee, or for service thereof by mail upon him at Madison, N. J. He was served by mail on November 2, 1899. The sureties were also served. The order to show cause was returnable on November 17, 1899. The order provided for service by mail upon the assignee on or before November 3, 1899, and, as above stated, it was served by mail on November 2, 1899. The objection is raised that it was not served 30 days before the return day. Section 16 of the assignment act requires 30 days' service without the state of a citation. It seems to be conceded that the original citation was served 30 days or more before the return day of June 6, 1899. It is claimed by the assignor that service 30 days before the return day is not required in the case of an order to show cause why the assignee should not be punished for contempt. It will be observed, however, that the order to show cause was made on October 27th, and was served by mail without the state on November 2, 1899, while it was returnable on November 17th, some 3 weeks after it was made. Rule 37 of the general rules of practice requires the order to be returnable within 8 days. If, therefore, we regard the order to show cause simply as such, and not as a citation contemplated by the assignment act, it was irregular; while, if we look upon it as a citation, the service was not in conformity with the requirements of the statute. Furthermore, the order for disobeying which it is sought to punish the assignee was served upon him, also, by mail; i. e. the order of June 23, 1899, directing the assignee to account. To punish a party for contempt, the order which is disobeyed must be served personally upon him. Lamp Co. v. Brigham, 1 App. Div. 493, 37 N. Y. Supp. 402.

The motion is denied, without costs, and with leave to renew. Settle order on notice.