(30 Misc. Rep. 397.)

## In re REYNOLDS et al.

(Supreme Court, Special Term, New York County. February 6, 1900.)

1. ASSIGNMENT—ASSIGNEE—REMOVAL—BOND—SURETIES—DISCHARGE.

Where, on removal of an assignee in insolvency, his account was presented, with no information as to the items thereof, and the court had no opportunity for an investigation thereof, the court will not cancel the assignee's bond and release sureties in the absence of the creditors interested, though the assignment act (Laws 1877, c. 466, § 6, as amended by Laws 1878, c. 318, § 2) provides that on such removal the bond shall be canceled.

2. SAME—COMMISSION OF ASSIGNEE.

The court will not fix the commission of an assignee who is being removed for negligence and indifference in obeying its orders calling for an accounting, when there is no evidence before it as to whether or not his misconduct was such as to preclude him from commissions.

3. SAME—COUNSEL FEES.

On an accounting by an assignee, the court will not fix counsel fees, but the assignee should first pay the fees, and the court then pass on their propriety.

Judicial accounting of the assignee of N. Reynolds & Co., insolvents, on removal of assignee. Motion to confirm the assignee's accounts, and fix his commission and attorney's fees. Denied.

Howard Thayer Kingsbury, for receiver.

Wendt & Berry, for creditors.

Nathan & Leventritt, for surety.

FITZGERALD, J. This is an application for an order passing the account of the assignee, fixing the commissions and counsel fees, and directing their payment, and directing, further, that upon payment to the substituted assignee of the balance shown by said account, less such commissions and counsel fees, the bond of the assignee be canceled, and the surety thereon released. It appears that by an order of this court the said assignee was removed, and superseded by an appointee of this court, to whom he was ordered to account and to deliver the assigned property within a specified time. He did not comply with the said orders within said time, but, after securing a substitution of his attorneys, has filed his account, the allowance of which is asked upon this motion. It is opposed by certain creditors, at whose instance the assignee was removed. The motion cannot be granted, for various reasons. Though the assignment act (Laws 1877, c. 466, § 6, as amended by Laws 1878, c. 318, § 2) provides that in the case of the removal of an assignee, under order to account, and the substitution of his successor, his bond shall be canceled and discharged, upon his discharge upon his own application, and though he has rendered in due form an account, to which no objections have been filed by the opposing creditors, yet the court must positively refuse to make, merely upon the accounts presented by the assignee, with no information of the items thereof in its possession, and no opportunity for an investigation of the parties, and in the absence of the creditors interested in the property of which an accounting is purported to be made, an order, the legal effect of which would be to

charge the substituted assignee, if he continued the existence of the trust, with the value of the property, as stated in said account, and to shut off the absent creditors from all right of recourse against the surety of the assignee. The rights of the substituted assignee and the interests of the creditors demand that the accounting of the removed assignee should be in such a form and of such a nature as will fully determine the extent of the liability of the assignee to his successor and the creditors whom he represents. The investigation necessary for this purpose this court cannot make, and, even if it would, could not upon the papers presented.

Furthermore, the court will not, upon this motion, undertake to direct the payment of the commissions of the assignee, or the counsel fees of his attorney. While it is true that none of the orders of the court, for disobedience to which he was removed, were served upon him personally, and that he could not therefore be punished for contempt (Lamp Co. v. Brigham, 1 App. Div. 493, 37 N. Y. Supp. 402; In re Siebert [Sup.] 62 N. Y. Supp. 513), and while his substitution of attorneys and the subsequent filing of his account might indicate such a relation with his first attorney as would excuse his former failure to account, yet, as a matter of fact, his neglect, indifference, or misconduct may have been such as to call for a refusal to grant him statutory commissions (In re Wolff, 13 Daly, 481; In re Coffin, 10 Daly, 27). The circumstances of his removal, as disclosed by the record, do not conclusively establish the fact that his misconduct was such that he is not entitled to commissions. See In re Rauth, 10 Daly, 52. Yet this court, upon the papers presented, and with no proof of the facts before it, cannot say that such is not the case, and award him commissions. The same consideration applies to the counsel fees, with the additional objection that they should not be allowed upon this motion, but should be paid by the assignee, and their propriety determined upon his accounting. In re Ludeke, 22 Misc. Rep. 676, 50 N. Y. Supp. 952.

For these reasons, the motion must be denied, without costs. Now that the assignee's account has been filed, the parties must follow the procedure established by the assignment act (Laws 1877, c. 466, § 11, as amended by Laws 1878, c. 318, § 3), providing that the court may issue a citation on the petition of a creditor or an assignee's surety or an assignor, where an assignee has been removed and ordered to account. Such a citation, served upon the assignor, assignee's surety, and creditors who presented claims, would give the court jurisdiction over all the interested parties. Upon the return thereof an order of reference must be made, by which proof of the items of the account may be taken, and the right of the assignee to commissions and counsel fees determined; and upon the findings of the referee, and by the results of the reference, the liability for the costs of the accounting will be fixed upon the estate or upon the removed assignee. Bish. Insolv. (3d Ed.) pp. 514, 515, par. 414, and cases cited.