Matter of the General Assignment of Siebert for the Benefit of Creditors.

(Supreme Court, New York Special Term, March, 1900.)

1. Assignment for benefit of creditors — Irregularity of order requiring assignee to account or show cause why he should, not be declared in contempt.

An order requiring a general assignee, residing without the State of New York, to show cause why he should not be declared in contempt for having failed to file an account in the *forum* of his appointment after having been duly cited thereto, and providing for personal service upon him without the State of New York or for service by mail at his foreign residence, is irregular if made returnable within twenty-one days, for, if it be regarded as an order to show cause it should have been made returnable within eight days, while, if it is to be deemed a citation, the Assignment Act (Laws of 1877, chap. 466, § 16) requires that it be served without the State thirty days before the return day.

2. Same — Personal service of an order necessary to found a contempt.

A general assignee cannot be punished for contempt in disobeying an order unless it was served upon him personally, service by mail being insufficient.

Motion to punish an assignee for the benefit of creditors for contempt in failing to obey an order requiring him to appear and file his account.

No appearance for assignee.

E. B. Armond, for petitioner.

Samuel Untermyer, for Surety Company.

Sullivan & Cromwell, for creditors.

GILDERSLEEVE, J.   The petitioner, Seibert, made an assignment for the benefit of his creditors to one Philip C. Slaughter.   Slaughter qualified as such assignee, but failed to account.   An order was obtained on March 30, 1899, directing the issuing of a citation on said day, returnable on June 6, 1899, directing said assignee and all persons interested to show cause why the assignee should not make and file his account.   It was shown in the petition of the assignor, upon which said order was based, that said assignor had settled with all his creditors, and was therefore entitled to whatever balance, overcharges, the assignee had in his hands.   Upon proper proof, the order provided for service of the citation upon the assignee without the State; and he was duly served at Madison, N. J., more than thirty days before the return day of the citation, as provided by section 16 of the Assignment Act.   Laws of 1877, chapter 466.   On said June 6, 1899, the assignee failed to appear, either personally or by attorney, but his sureties were represented.   On June 23, 1899, an order was entered directing the assignee to render and file his account on July 18, 1899, in the office of the clerk of New York county.   This order was served by mail, as directed therein, on the assignee and his sureties.   The said assignee, however, has never rendered or filed such account, nor has he appeared in these proceedings, although his sureties have appeared.   On October 27, 1899, an order to show cause was made why said assignee should not be declared in contempt, and why a referee should not be appointed to take the account of said assignee, and why said assignee should not be required to appear before said referee on such accounting. The order provided for the personal service of said order without the State upon said assignee, or for service thereof by mail upon him at Madison, N. J.   He was served by mail on November 2, 1899. The sureties were also served.   The order to show cause was returnable on November 17, 1899.   The order provided for service by mail upon the assignee on or before November 3, 1899, and, as

above stated, it was served by mail on November 2, 1899. The objection is raised that it was not served thirty days before the return day. Section 16 of the Assignment Act requires thirty days' service without the State of a citation. It seems to be conceded that the original citation was served thirty days or more before the return day of June 6, 1899. It is claimed by the assignor that service thirty days before the return day is not required in the case of an order to show cause why the assignee should not be punished for contempt. It will be observed, however, that the order to show cause was made on October twenty-seventh, and was served by mail without the State on November 2, 1899, while it was returnable on November seventeenth, some three weeks after it was made. Rule 37 of the General Rules of Practice requires the order to be returnable within eight days. If, therefore, we regard the order to show cause simply as such, and not as a citation contemplated by the Assignment Act, it was irregular; while, if we look upon it as a citation, the service was not in conformity with the requirements of the statute. Furthermore, the order for disobeying which it is sought to punish the assignee was served upon him, also, by mail; i. e., the order of June 23, 1899, directing the assignee to account. To punish a party for contempt, the order which is disobeyed must be served personally upon him. Lamp Co. v. Brigham, 1 App. Div. 493; 37 N. Y. Supp. 402.

The motion is denied, without costs, and with leave to renew.

*Motion denied, without costs, with leave to renew.*

---

Matter of the Application of Eugene Sullivan for a Special Town Meeting in the Town of Volney, under the Provisions of Section. 16, Liquor Tax Law.

(Supreme Court, Onondaga Special Term, March, 1900.)

1. **Liquor Tax Law — Resubmission of local option — Town clerk's call of special town meeting.**

     Where an attempt to resubmit the question of local option to town electors has been held irregular, and a proper petition of electors for another submission at a special town meeting, as well as a petition to procure an order for calling such meeting, are filed with the town