It does not seem that the attention of the court was called to the provision that the costs should abide the final order in the proceeding; but it is evident that when the court once, by its order, set aside an assessment that had been made, and directed a new assessment, the object for which the writ of certiorari had been obtained in that proceeding was accomplished. The erroneous assessment had been set aside, and the matter had been remitted to the tax commissioners to proceed and make a new assessment. From the very nature of the writ of certiorari, its object is limited to a review of a determination already made. That determination we held to be based upon an erroneous theory. The crucial fact necessary to fix the amount of the relator's property subject to taxation not having been determined, it was sent back to the commissioners to make such a determination. The force of that writ was then expended. Its object had been attained, and there was no method by which that proceeding could be used to review a subsequent determination by the commissioners acting under the order in the special proceeding, which was then at an end.

Irrespective of this, however, it would seem that the relator was entitled to a writ of certiorari to review the determination of the tax commissioners in making the assessment. That this was a new and independent determination of the question as to the property of the relator subject to taxation for the year 1899 is apparent. A different board is now in office from that which made the determination which was subject to review in the former proceeding. The questions arising upon the new assessments are entirely different from those presented in reviewing the former proceedings of the tax commissioners. What these defendants have now determined is the value of the leasehold property to the lessees, a question which had not been determined by the former board, and upon the determination of which the amount of the relator's property subject to taxation depends. To review this determination of the defendant, by the express provisions of section 906 of the charter (chapter 466, p. 386, Laws 1901) the relator is entitled to a writ of certiorari; and assuming that the correctness of this assessment could have been determined in the old proceeding, as the statute expressly allows the relator to determine the validity of this assessment by a new writ, the court below was not authorized on motion to supersede it.

We think the order appealed from should be reversed, with $10 costs and disbursements, and the motion to supersede the writ denied, with $10 costs. All concur.

(87 App. Div. 248.)

## HALL v. REDINGTON.

(Supreme Court, Appellate Division, First Department. November 6, 1903.)

1. ORDER—RESETTLEMENT—POWER TO COMPEL.
　　Where, on a motion to compel plaintiff's attorney to accept service of an order for examination of plaintiff before trial, the court indicated in a memorandum denying the motion that it had no jurisdiction to grant the order, and entered an order stating in general terms that such motion

was denied, an appeal from an order denying a motion to resettle the last-named order by inserting therein that the motion was denied for want of power will be dismissed.

2. EXAMINATION OF PARTY BEFORE TRIAL—SUBSTITUTED SERVICE.

Code Civ. Proc. § 870, which authorizes the taking of the deposition of a party to a pending action; section 872, which defines the requirements of an application for the examination; section 874, which provides that lawful witness fees must be paid or tendered when the order is served on the person required to attend, and which prescribes punishment for failing to obey; and section 875, which requires service of a copy of the order and affidavit on the attorney for the party—contemplate that the service of the order shall be made personally on the party to the action, and within the state, and a substituted service on his attorney is unauthorized.

Appeal from Special Term, New York County.

Action by Helen H. Hall against Caroline G. Redington, impleaded. From an order denying a motion to compel plaintiff's attorney to accept service of order for examination before trial, and from an order denying motion to resettle said order, Caroline G. Redington appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Raphael J. Moses, for appellant.
Vincent P. Donihee, for respondent.

PATTERSON, J. The defendant, having procured an order for the examination of the plaintiff before trial, made diligent efforts to serve it upon her personally, but was unable to do so, whereupon she made a motion to compel the plaintiff's attorneys to accept service of the order, and to require the plaintiff to attend for examination after such service. That motion was denied, the court at Special Term indicating in a memorandum that it had no jurisdiction to grant such an order. On the denial of the motion an order was entered stating, in general terms, "that such motion be, and the same hereby is, denied." Thereupon the defendants' attorney moved to resettle the last-named order by having inserted therein a statement that the motion for substituted service was denied for want of power.

The appeal from the last-mentioned order must be dismissed. We cannot compel the court below to decide a motion on any particular ground, especially after the attention of the justice deciding the motion has been called to the subject, and he has declined to base his decision on that particular ground.

The first order appealed from was properly made. There is no provision of the statute which authorizes substituted service of an order for the examination of a party to an action. The sections of the Code of Civil Procedure which refer to the subject sufficiently indicate that the service of such an order must be made personally upon the party to the action, and within the state. Section 870 provides that the deposition of a party to an action pending in a court of record, etc., may be taken at any time before the trial, as prescribed in article 1 of title 3 of chapter 9 of that Code. Section 872 defines the

¶ 2. See Discovery, vol. 16, Cent. Dig. § 73.

requirements necessary to an application for such examination. Section 874 provides that witness fees at the rate prescribed by law in an action in the Supreme Court must be paid or tendered when the order is served upon the party or other person required to attend, and, if the party or person so served fails to obey the order, his attendance may be compelled, and he may be punished in like manner as if he failed to obey a subpoena issued from the court in which the action is pending. Disobedience of the order involves a punishment for contempt, and section 874 plainly prescribes that contempt proceedings may be instituted only as against a party personally served with the order. Section 875 provides that a copy of the order and the affidavit upon which it was granted must be served upon the attorney for each party to the action in like manner as a paper in the action, that provision only relating to due notification to the attorney of the party. The proceedings to punish for contempt are the same as those that would be taken for failure of a person to obey a subpoena, and the first requirement would be, in such case, that the subpoena be served upon the party sought to be put in contempt.

The order denying the motion for substituted service must be affirmed, with $10 costs and disbursements. The appeal from the order denying the motion to resettle the first order appealed from should be dismissed, with $10 costs. All concur.

---

## WAGNER TYPEWRITER CO. v. ROBINSON.

(Supreme Court, Appellate Term. June 22, 1903.)

1. REPLEVIN—OWNERSHIP—SUFFICIENCY OF EVIDENCE.
   In replevin for a typewriter by a company dealing in such machines, it was insufficient for it to show by its records that it had received the machine in stock, and that it was never sold, leased, rented, or exchanged, and had not passed out of its hands in the regular course of business.

2. SAME—ALTERNATIVE JUDGMENT—EVIDENCE OF VALUE.
   In replevin for a typewriter it was error to render judgment that the defendant recover the property, or, in event of nondelivery, the sum of $60, as its assessed value, where the only evidence of value was the price paid by the defendant for the machine.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Replevin by the Wagner Typewriter Company against Joseph Robinson, sued as John C. Robinson. From a judgment for defendant, plaintiff appeals. Modified and affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Charles Struss, for appellant.
Marks & Marks, for respondent.

MacLEAN, J. In replevin for a typewriter known by a certain number, the plaintiff, by two of its employés in charge of its steel department, and without contradiction, testified to the receipt of the machine from its Buffalo office on April 18th, and to its pres-