(55 Misc. Rep. 383)

GRANT et al. v. GREENE et al.

(Supreme Court, Special Term, New York County.   July 25, 1907.)

1. CONTEMPT—DISOBEDIENCE OF ORDER FOR EXAMINATION.

Where defendant was served with an order for his examination or deposition under Code Civ. Proc. § 873, and before the day named therein he obtained a stay on a motion to vacate, which motion was granted, but the order was reversed by the Appellate Division, and the Special Term thereafter ordered him to attend before a referee on June 17th, and authorized service of a copy of the order upon his attorney on or before June 12th, and the order was duly served June 11th, and defendant failed to appear on the return day, he was in contempt.

2. CONSTITUTIONAL LAW—DUE PROCESS—STRIKING ANSWER AS PUNISHMENT FOR CONTEMPT.

Under Const. U. S. Amend. 14, prohibiting the taking of property without due process of law, an answer may not be stricken out for defendant's contempt of an order directing him to appear before a referee for examination.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Constitutional Law, § 739.]

Action by James A. Grant and another against William C. Greene and others.   Motion by plaintiffs to punish defendant Greene for contempt of an order directing him to attend before a referee for examination.   Defendant permitted to move to be purged of contempt by appearing for examination.

See 103 N. Y. Supp. 674.

Watson & Raymond, for plaintiffs.
Marx E. Harby, for defendants.

DAYTON, J.   Defendant Greene, individually and as president, was duly served with the order for his examination or deposition under section 873, Code Civ. Proc.   Before the day named therein he applied for and obtained a stay on a motion to vacate said order, which motion was granted; but the Appellate Division thereafter reversed the order entered thereon.   The Special Term thereafter made an order directing Mr. Greene, individually and as president, to attend before a referee on June 17, 1907, at 10 o'clock a. m., and authorized the service of a copy of said order upon his attorney on or before June 12, 1907.   This order was duly so served on June 11, 1907.   Mr. Greene failed to appear on the return day, and this motion is made to punish him for contempt.

In People ex rel. Platt v. Rice, 144 N. Y. 262, 39 N. E. 92, Judge Gray, writing for a unanimous court, says:

"The power of the court below to enforce its decisions may be suspended as the result of an appeal; but its decision loses none of its strength pending the appeal, and, if modifications are made of it, to the extent that it is sustained it is the same order, to the vitality and force of which has been added the sanction of this court."

Furthermore, the case of Rochester Lamp Co. v. Brigham, 1 App. Div. 490, 37 N. Y. Supp. 402, which is directly in point on this issue, and which, so far as I am able to discover, has not been reversed or distinguished, is a controlling authority.

The learned counsel for the defendants contends that the striking out of the answer herein as a punishment for contempt is within the prohibition of the fourteenth amendment to the Constitution of the United States, and in support of this contention he cites conclusively Hovey v. Elliott, 167 U. S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215, and Sibley v. Sibley, 76 App. Div. 132, 78 N. Y. Supp. 743. I am of opinion that the defendants are in contempt.

Some suggestion is made in the answering papers that Mr. Greene is ill or absent; but there is no offer or promise that he will submit to this examination. If he shall, within 20 days, on notice to plaintiff's attorney, present himself, individually and as president, before the referee for examination, he may move to be purged of his contempt individually and as president of the Greene Consolidated Copper Company.