GRANT et al. v. GREENE et al.

(Supreme Court, Appellate Division, First Department.   November 8, 1907.)

1. CONTEMPT—POWER TO PUNISH AND PROCEEDINGS THEREFOR.
   Punishment for contempt for failure to obey an order cannot be had, unless the order has been personally served.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Contempt, § 69.]

2. SAME.
   Code Civ. Proc. § 874, declares that, if a party on whom an order of examination has been served fails to obey the same, his attendance may be compelled, and that he may be punished for contempt.   Section 802 declares that chapter 8, tit. 6, art. 3, providing for the service of papers in an action, after the appearance of a party, on his attorney, shall not apply to the service of a paper to bring a party into contempt.   Section 2273 declares that an order to show cause in a contempt proceeding is equivalent to a notice of motion in the action, and that the subsequent proceedings thereon are taken as on a motion in the action.   An order for the examination of a party having been personally served on him, he obtained a stay of proceedings for a period beyond the time of examination, on the expiration of which, and the sustaining of the order on appeal, the court by order fixed a new date for the examination; but the latter order and an order to show cause why he should not be punished for contempt for failure to appear for examination were not personally served on the party, but on his attorney only.   Held that, the original order having been personally served, an order adjudging the party in contempt was valid, without personal service of subsequent orders on such party.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 10, Contempt, § 69.]

Appeal from Special Term.

See 105 N. Y. Supp. 641.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

M. E. Harby (F. W. M. Cutcheon and Augustine L. Humes, on the brief), for appellant.

Walter B. Raymond (Samuel S. Watson and Chester A. Jayne, on the brief), for respondents.

LAUGHLIN, J.   The order adjudging the appellant guilty of contempt was made on account of his failure to appear for examination at the time fixed by the order of the Special Term, the validity of which has been sustained on his appeal therefrom, argued and decided herewith.   106 N. Y. Supp. 535.   It is unnecessary, therefore, to

consider further the objections to the validity of the order, as they are considered and overruled in the opinion delivered on that appeal.

The learned counsel for the appellant contends that the order adjudging his client guilty of contempt is void, for the reason that the moving papers did not show personal service of the order fixing a new date for the examination upon the party. It must now be regarded as settled by judicial authority in this state that a party may not be punished for contempt on account of his failure to obey an order which has not been personally served upon him, and if the original order for the examination of the appellant had not been personally served upon him, and witness fees paid or tendered, he could not be punished for contempt. Tebo v. Baker, 77 N. Y. 33; Hall v. Gillman, 87 App. Div. 248, 84 N. Y. Supp. 279. I am of opinion, however, that the adjudication is based, not upon the order of the Special Term fixing a new date for the examination, which was served upon the attorney for the appellant only, but upon the original order for his examination, which was personally served. After the service of the original order, it appears that appellant left the state, and, so far as the record shows, he has not since returned. It is evident, therefore, that, if the contention made by the learned counsel for appellant is sustained, a party duly served with an order for his examination has only to obtain a stay of proceedings for a period beyond the date fixed for the examination and then depart from the state, and he will thereby deprive the party in whose favor the order for the examination was granted of the right to any examination in the action. If the courts or judges cannot retain jurisdiction over parties in such circumstances, then it is inevitable that injustice must be done, either by the courts refraining from interfering with orders for examinations, no matter how meritorious an application for a stay may appear to be, lest on the hearing the original order may be sustained, or by staying examinations where it is made to appear on an ex parte application, as is the practice, that the order was unwarranted, thereby permitting the day for the examination to pass, when jurisdiction could not again be obtained if the party should leave the state. The necessity for the rule for which the appellant contends is not apparent. If the order for the examination, once duly served, be not interfered with, jurisdiction is retained, and the examination may be adjourned from time to time, and the party may be punished for contempt in failing to appear either upon the original date or upon an adjourned day. Code Civ. Proc. § 874. Were it not, therefore, for the stay obtained at the instance of the appellant and the corporations of which he is president, the plaintiffs would have been entitled to the examination, and to have had the appellant punished for contempt if he failed to appear. We are asked to hold, in effect, that the appellant has escaped liability for examination under the statute and order, by applying to the court and presenting a prima facie case for a stay of his examination, and then leaving the state. If that be the law, he can, after having been once duly served with a valid order for his examination, and having thereby ascertained that plaintiffs desire to examine him, obtain a stay and leave the state, and defy the court to afford the plaintiffs the examination to which they are enti-

tled, or to adjudge him in contempt for failing to appear for examination.

The learned counsel for the appellant cites cases containing dicta in support of his contention, and among others the case of Goldie v. Goldie, 77 App. Div. 12, 79 N. Y. Supp. 268. The Goldie Case is distinguishable upon the ground that the alleged contempt was in failing to pay money pursuant to an order of the court, for the payment of which no personal demand had been made as required by statute; and it does not even appear that the order was personally served, but, on the contrary, the inference from the opinion is that it was not. The opinion, from which two justices dissented, discusses the necessity of serving the original order, of making a personal demand, and of personal service of the order to show cause why the party should not be punished for contempt. It does not appear to have been essential to place the decision upon the ground that the order to show cause should have been personally served, nor is it clear that it was placed upon that ground. Moreover, this court, in Rochester Lamp Co. v. Brigham, 1 App. Div. 490, 37 N. Y. Supp. 402, unanimously decided, long before the decision in Goldie v. Goldie was made, that personal service of the order to show cause is not necessary. That decision, which is not referred to in the Goldie Case, being in this department, should be followed, even if the two decisions be in conflict.

The appellant relies upon section 802 of the Code of Civil Procedure. That section is in article 3, tit. 6, c. 8, of the Code of Civil Procedure, containing the general provisions with respect to the service of papers, and providing, among other things, for the service of papers in an action, after the appearance of a party, upon the attorney; and it provides as follows:

"This article does not apply to the service of a summons, or other process; or of a paper to bring a party into contempt; or to a case where the mode of service is specially prescribed by law."

The contention is that both the order fixing the date for the examination and the order to show cause why he should not be punished for contempt, which was likewise served on the attorney only, are papers "to bring a party into contempt" within the meaning of this section, and that no other provision of the Code authorizes service thereof upon the attorney. Undoubtedly the service of the original order was the service of a paper to bring the party into contempt within the meaning of this section, because it was the foundation of the proceeding for punishment for contempt; but the order fixing a new date for the examination was a step, rendered necessary by the action of the appellant in obtaining the stay, essential to restore to plaintiffs their right to examine the appellant under the original order, and the order to show cause is not, strictly speaking, an order to bring a party into contempt, but an order to bring a party into court to answer for a contempt already committed. It is to be borne in mind that this contempt proceeding was instituted to enforce an order made in the action and for the benefit of the plaintiffs. It is therefore a proceeding in the action, as has been expressly held by the

Court of Appeals in Pitt v. Davison, 37 N. Y. 235. The provisions of section 802 are not new. They have been considered by the courts in many cases, and I think the rule may now be regarded as well sustained by authority that, where the order which has been disobeyed has been duly personally served upon a party to an action, any subsequent order in the action to continue the effect thereof, or to punish the party for violating the same, may be served upon the attorney. Rochester Lamp Co. v. Brigham, supra; Knott v. Knott, 6 App. Div. 589, 39 N. Y. Supp. 804; Davis v. Davis, 83 Hun, 500, 32 N. Y. Supp. 10; Stubbs v. Ripley, 39 Hun, 626; People v. Brower, 4 Paige, 405; People ex rel. Platt et al. v. Rice, 144 N. Y. 249, 39 N. E. 88; Pitt v. Davison, supra; Isaacs v. Calder, 42 App. Div. 152, 59 N. Y. Supp. 21; Mahon v. Mahon, 5 Civ. Proc. 58; Zimmerman v. Zimmerman, 26 Abb. N. C. 366, 14 N. Y. Supp. 444.

The decision of the Appellate Division in Matter of Depue, 108 App. Div. 58, 95 N. Y. Supp. 1017 is also cited by the respondents as sustaining this doctrine, and the opinion of the Court of Appeals, reversing it, 185 N. Y. 60, 77 N. E. 798, is cited by the appellant to the contrary. The Depue Case is not in point. There the individual punished for contempt was not a party to the action, and it was held by the Court of Appeals that service of an order to show cause why the witness, who was not a party, should not be punished for contempt in disobeying an order for his examination, upon the attorney who appeared for him on the examination, was insufficient to confer jurisdiction upon the court; and the opinion of the Appellate Division tends to support the contention of the respondent, for the reason that it was assumed that the witness was in the same position as a party, and the argument of the court was pointed to show that service upon the attorney was sufficient. Moreover, section 2273 of the Code of Civil Procedure expressly declares that the order to show cause in a contempt proceeding in an action is equivalent to a notice of motion in the action, and that the subsequent proceedings are taken as upon a motion in an action.

The appellant attempted to excuse his failure to appear for examination on the ground of his absence in Mexico and illness. The court, in affording him an opportunity to purge himself of the contempt, granted him all the consideration to which in any event he was entitled, for it plainly appears that he has acted in bad faith in opposing and delaying the examination.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.