## CURTIS v. POWERS.

(Supreme Court, Appellate Division, Fourth Department. July 11, 1911.)

1. DISCOVERY (§ 107*)—UNDER STATUTORY PROVISIONS—ORDER—FORM OF CONTEMPT ORDER.

Where a party is sought to be punished for contempt of an order commanding discovery, the terms of the order should not be left uncertain and indefinite either as to its direction or the books and papers sought to be covered, and an order that "the books, accounts, documents, and papers pertaining to" a certain business "be open to the inspection" of plaintiff's counsel, etc., is too indefinite.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 107.*]

2. DISCOVERY (§ 107*)—DISOBEDIENCE OF ORDER—SERVICE OF ORDER.

While Code Civ. Proc. § 799, provides that, where a party has appeared, notices or other papers may be served upon his attorney, section 802 in the same article provides that this article, save the last section, does not apply to the service of process to bring a party into contempt. *Held*, that the service of an order for discovery could not, for the purposes of contempt proceedings, be made upon a party's attorney.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 107.*]

3. CONTEMPT (§ 55*)—PROCEEDINGS—SERVICE OF ORDER.

The service of a motion to punish a defendant for contempt is sufficiently served upon him by service upon his attorney.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 150–161; Dec. Dig. § 55.*]

4. CONTEMPT (§ 57*)—PROCEEDINGS—SERVICE OF ORDER—WAIVER OF SERVICE.

Where a defendant appeared upon a motion to punish him for contempt, he waived any insufficiency of service of the notice of the application.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. § 162, 163; Dec. Dig. § 57.*]

5. CONTEMPT (§ 23*)—PROCEEDINGS—SERVICE OF ORDER.

Where the original order commanding a party to make discovery of certain papers and books was not served upon defendant, but only on his attorney in the action, a subsequent valid service of the notice of a motion to punish defendant for contempt for noncompliance with the order did not cure the irregularity in the first service.

[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 68–70; Dec. Dig. § 23.*]

McLennan, P. J., dissenting.

Appeal from Special Term, Monroe County.

Action by Kate C. Curtis against Patrick A. Powers. From an order adjudging him in contempt of court, defendant appeals. Order reversed, and motion to punish defendant dismissed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

John J. McInerney, for appellant.
George D. Reed, for respondent.

KRUSE, J. The defendant appeals from an order which convicted him of a civil contempt in failing to comply with an order of the Supreme Court, made at Special Term, for the inspection of the books and papers pertaining to the business out of which this action arises.

The action is for the dissolution of a copartnership said to exist between the parties, and for an accounting. The business was a picture show and theater, carried on in the city of Buffalo, known as the "Temple Theater." A motion was made by the plaintiff for the appointment of a temporary receiver. That application was denied, but the order further provided:

"That the books, accounts, documents and papers pertaining to the Temple Theater and business mentioned in the plaintiff's complaint from the commencement of said business up to the date of this order, be open to the inspection of the plaintiff's counsel, her manager, George D. Curtis, and to an expert accountant if desired and copies thereof may be taken by them if desired; said inspection may be made between 10 a. m. to 5 p. m. on the 14th, 15th, and 16th days of September, 1909."

The plaintiff made a motion to punish the defendant for contempt, claiming that not all of the books and papers covered by the order had been produced for inspection, the defendant insisting that all books and papers in his possession or control were produced. Thereupon an order was made referring the matter to a referee to take proof and report the same, with his opinion thereon. Upon the coming in of the report the order in question was made.

The scope of the examination before the referee seems to have taken a wide range. Many hearings were had, extending over a period of a year. The plaintiff's costs and expenses in the proceeding were fixed by the order at $2,037.82, and the defendant fined that sum and directed to pay the same to the plaintiff as her actual loss and injury sustained by the defendant's alleged misconduct.

The order, as originally made, directed that the defendant be committed to the county jail and detained there in close custody until he obeys the order of July 26, 1909, and delivers for the inspection of the plaintiff, as therein directed, the books, accounts, documents, and papers pertaining to said Temple Theater business, mentioned in the plaintiff's complaint, and pays the said sum of $2,037.82, or he be discharged according to law. Upon the application of plaintiff's counsel the order was resettled and amended so as to make it more specific and certain. In the order as finally resettled and which is the one under review, it is provided that the defendant be committed, as has been stated, until he delivers for the inspection of this plaintiff, her attorneys, manager, George D. Curtis, and expert accountant, all the books, documents, and papers mentioned in count 2 of the order so resettled, and pays the sum of $2,037.82 to the plaintiff, or he be discharged according to law.

[1] The order of July 26th, which it is claimed was violated, does not in terms direct the defendant or any one else to produce the books and papers sought to be inspected, nor does it specifically describe

them, and even in the final order which provides for the defendant's commitment until he produces them the description as regards some of them is so general and indefinite as to make it uncertain what he is required to produce, or to determine by the terms of the order when he has fully complied therewith. Where a party is sought to be punished for contempt for disobedience of an order such as this, its terms should not be left uncertain and indefinite as to its direction and the books and papers sought to be covered thereby, and the practice prescribed should be followed. Ketchum v. Edwards, 153 N. Y. 534, 47 N. E. 918; McCaulay v. Palmer, 40 Hun, 38; Rochester Lamp Co. v. Brigham, 1 App. Div. 490, 493, 37 N. Y. Supp. 402; Goldie v. Goldie, 77 App. Div. 12, 79 N. Y. Supp. 268. In Ketchum v. Edwards, supra, which reversed an order adjudging the defendant in contempt in violating a final judgment, Andrews, C. J., says:

"If, therefore, the provision in the judgment in this case, restraining the defendant from maintaining any obstructions in the way mentioned, fairly construed, prohibits not only the closing up of the way by the defendant, but any interference whatever with the way as it in fact and law existed, it may be that what was done by the defendant was a violation of the judgment. But as punishment for contempt involves, or may involve, not only loss of property but liberty, it is a reasonable requirement that the mandate alleged to be violated should be clearly expressed, and when applied to the act complained of it should appear, with reasonable certainty, that it had been violated."

In the case of McCaulay v. Palmer, supra, it is said:

"To bring a party into contempt, it is the practice of the court to require the order which he is charged with violating to be served personally upon him. This is to be done by delivering to him a copy of the order and at the same time exhibiting to him the original. The consequences of a contempt are serious, and often severe, in the punishment pronounced by the court, and before a party can be subjected to them a strict compliance with the practice has been required to be observed."

The order of July 26th was not served upon the defendant personally, nor for that matter any of the orders except possibly the final order, although the defendant appeared by attorney on the motions.

The plaintiff claims that the order was made under the provisions of the Code of Civil Procedure relating to the production and discovery of books and papers. Sections 803 to 809. But the course of procedure there prescribed was not followed. It is there provided that to entitle a party to such a discovery or inspection he must present a petition, verified, and thereupon an order may be granted directing the party to make discovery or allow an inspection, or, in default, show cause before the court at the time and place specified why the petition should not be granted, and upon return of the order to show cause the court makes the order with respect to the discovery or inspection. It is provided by section 808 of the Code that, where an order made as prescribed in the last section directs a discovery or inspection, the party in whose behalf it is made may make proof by affidavit that the adverse party has failed to obey it, and upon notice to him apply to the court for an order to punish him for the failure. Here, as has been seen, the order was made upon a motion for a receiver.

[2] But assuming that the order is within those provisions of the Code, or a mandate of the court within the provisions of the judiciary law (Judiciary Law [Consol. Laws 1909, c. 30] § 753; Code Civ. Proc. § 3343, subd. 2), I think it was necessary to serve the order upon the defendant personally to punish him for civil contempt in failing to comply therewith. It is true that this was a proceeding in the action, and that the court obtained jurisdiction of the defendant by the service of the summons upon him, and he had appeared therein by attorney so that any notice or other paper required to be served in the action must be served upon his attorney. Section 799 of the Code of Civil Procedure so provides, but section 802 provides that the article which contains sections 799 and 802 does not apply to service of a paper to bring a party into contempt. I am not aware that the appellate courts have passed upon the precise question here, but it has been held, and is now settled, that, in order to punish a party for contempt in failing to comply with an order for his examination before trial, it is necessary to personally serve him with the order. Tebo v. Baker, 77 N. Y. 33; Grant v. Greene, 121 App. Div. 756, 106 N. Y. Supp. 532.

[3–5] While I think notice of the application to punish the defendant for contempt was sufficiently served upon him by service upon his attorney (Pitt v. Davison, 37 N. Y. 235), or even if it was not that it was waived by the defendant's appearance upon the motion without objection, that, I think, does not overcome the lack of service of the order which it is claimed the defendant violated. If he is guilty of contempt at all, it is the violation of the order of July 26th which brings him into contempt, and that was not served upon him.

I think the order should be reversed and the motion denied, with $10 costs and disbursements. All concur except McLENNAN, P. J., who dissents.