In the Matter of the Application of KEARN J. MULLEN, as Foreman of the Grand Jury for the September, 1940, Term of the County Court, Petitioner, for an Order Adjudging JOHN J. HALLERAN, Respondent, Guilty of Contempt of Court.

County Court, Queens County, December 15, 1941.

*John J. Bennett, Jr., Attorney-General,* and *John Harlan Amen, Assistant Attorney-General* [*William R. Meagher* and *Milton D. Lifset, Assistant Attorney-General,* of counsel], for the petitioner.

*Charles T. Murphy* [*Joseph B. Gilleran* of counsel], for the respondent.

COLDEN, J. This is an application by Kearn J. Mullen, as foreman of the September, 1940, grand jury, to adjudge and punish John J. Halleran for alleged criminal contempt of court. The respondent Halleran brings a cross-motion to vacate the order to show cause and to dismiss the petition. These proceedings arise out of the so-called " Amen Investigation " which is being conducted in Queens county before the September, 1940, term grand jury by the Hon. Harlan Amen, Assistant Attorney-General of the State of New York, relative to alleged violations of the General Business Law. Some phases of the scope of this investigation have been considered by this court in *People* v. *Dorsey* (176 Misc. 932) and *People* v. " *John Doe* " (Id. 943).

In the present application the charge against the respondent is that " the refusal of the said John J. Halleran to appear before

it [the grand jury] on October 9, 1941, was and constituted an unlawful and arbitrary refusal to testify and constituted a willful disobedience to the lawful mandate of the court and the grand jury, and has resulted in hindering, interfering with and obstructing the investigation being conducted by the said Grand Jury."

The question here is, was the respondent Halleran under a lawful mandate to appear and testify before the grand jury on October 9, 1941?

On May 28, 1941, the respondent was served with a subpœna issued in accordance with the provisions of sections 607, 609 and 612 of the Code of Criminal Procedure " to appear before the Grand Jury of the County of Queens, at the Queens General Court House, Sutphin Boulevard and 89th Avenue, Jamaica, in Queens County, on Thursday, the 5th day of June, 1941, at 9:30 o'clock in the forenoon of that day, as a witness in a criminal action prosecuted by the People of the State of New York against ' John Doe ' and ' Richard Roe.' " On June 5, 1941, the respondent, who was then commissioner of borough works of the borough of Queens, appeared before the grand jury pursuant to said subpœna, signed a waiver of immunity as required by section 6 of article I of the Constitution of the State of New York, was sworn and then did testify before the grand jury, and upon the completion of his testimony was excused. It is not contended that the respondent failed in any manner to fully obey the subpœna in so far as June fifth is concerned. He was told, according to his version, that he would be notified when to appear again, and no contrary position is taken by the Attorney-General. At any rate, the respondent received a telephone message to appear on June 12, 1941. On June 12, 1941, respondent did appear and advised the grand jurors that he had retained counsel with whom he wished to confer before testifying further. At his request, an adjournment was granted until June 19, 1941, under the oral direction of the Assistant Attorney-General and of the foreman of the grand jury to return on that date. On June 17, 1941, respondent obtained from this court an order to show cause why the subpœna of May 28, 1941, should not be vacated, which order stayed all proceedings under said subpœna. Argument was had on June 23, 1941, subsequent to which briefs were exchanged and submitted. The application to vacate was based upon the claim of the present respondent that the grand jury and the Attorney-General were exceeding their powers in this investigation, and stressed particularly that the grand jury and the Attorney-General were without power to issue subpœnas and subpœnas *duces tecum* to investigate alleged felonies, or to hand up presentments. On August 5, 1941, the

motion to vacate the subpœna was denied, and the stay was vacated. On August 14, 1941, an order was signed in accordance with the decision in *People* v. "*John Doe*" (*supra*). On or about September 18, 1941, the respondent obtained a stay from a justice of the Appellate Division, Second Judicial Department, during the pendency of an appeal from the order of this court to the Appellate Division. This appeal was dismissed on September 26, 1941. On October 1, 1941, Mr. Mullen, as foreman of the grand jury, sent a registered letter to the respondent in which Mr. Mullen, referring to the subpœna of May 28, 1941, wrote, "said subpœna has not been discharged and is still in force and effect, and pursuant thereto, you are hereby required to appear for further examination before the Grand Jury at the General Court House, Queens County, Jamaica, on Thursday morning, October 9, 1941, at 9:30 o'clock." On or about October 9, 1941, Mr. Mullen received a letter from the respondent in which the latter stated in substance that he would not obey the directions contained in the letter of October 1, 1941, but that he, the respondent, would appear before the grand jury if a subpœna was served upon him.

Our Code of Criminal Procedure in sections 607 to 618-a, both inclusive, provides the only method by which a person may be compelled to testify before our courts and our grand juries. So far as witnesses residing within the county are concerned, the procedure is simplicity itself. The form of subpœna is set forth in section 612 of the Code of Criminal Procedure. The common practice is for the prosecutor to have a quantity of blank subpœnas on hand, have them filled out by a clerk or process server, an act involving merely the insertion of the name of the witness, the date on which he is to testify, the name of the defendant and the date of issue, all of which operations are but the work of a moment. The subpœna may be served by a peace officer or any other person. (Code Crim. Proc. § 614.) Disobedience of such subpœna may be punished as a contempt of court. (*People ex rel. Drake* v. *Andrews*, 197 N. Y. 53.) The service of such subpœna is the sole and exclusive process by which attendance may be required and it is such lawful mandate disobediance of which may constitute a contempt as specified in section 750 of the Judiciary Law. Admittedly the only subpœna which was served upon the respondent Halleran is the subpœna of May 28, 1941, which required him to appear and testify on June 5, 1941. The Assistant Attorney-General contends that the subpœna had imprinted upon the side the words, "should the case not be called on the day mentioned in said subpœna, you are directed to attend from day to day until it is discharged." There is no authority in law for this wordage

and consequently it is not a lawful mandate. In the present case it is of no importance because the respondent did appear and testify as directed on June 5, 1941.

The Assistant Attorney-General urges that the oral directions given to the respondent on June fifth and June twelfth by the Assistant Attorney-General and the foreman of the grand jury; the letter of the foreman of the grand jury on October first directing the respondent to appear on October ninth; and the fact that the respondent of his own volition, on June seventeenth, initiated proceedings to vacate the subpœna, by which proceedings it is claimed that he recognized the validity of the May twenty-eighth subpœna subsequent to June fifth; all considered together constitute a continuance of the subpœna beyond June fifth.

The difficulty with these contentions is that they overlook the very plain provisions of section 750 of the Judiciary Law which specifically enumerate the grounds upon which this court, or any court of record in this State, may punish for contempt. The section says, " A court of record has power to punish for a criminal contempt, a person guilty of any of the following acts, *and no others.*" (Italics supplied.) The only one of the enumerated acts of which it is claimed that the respondent is guilty is found in subdivision 3 thereof, which reads, " Wilful disobedience to its lawful mandate." An oral direction of the Assistant Attorney-General is not a lawful mandate of the court. An oral direction of the foreman of the grand jury, or of the whole grand jury, is not a lawful mandate of the court. A registered letter from the grand jury is not a lawful mandate of the court. An agreement or promise of a person to appear is not a lawful mandate of the court. The bringing of legal proceedings to test the power and authority of the grand jury and the Attorney-General to conduct the investigation, cannot give new power to an exhausted process. The fact is that when the respondent completed his testimony on June 5, 1941, in response to the subpœna, and was then and there excused, the power and authority of the subpœna of May twenty-eighth in so far as further attendance by the respondent are concerned, were gone. If it were desired that the respondent should be further examined concerning the subject-matter of the investigation, the process which our law provides should have been used — he should have been served with a subpœna to appear on June twelfth, and on June twelfth with another for June nineteenth. Indeed, on May twenty-eighth, the respondent could have been subpœnaed to appear before the grand jury for June fifth, twelfth, nineteenth, and as many other days as the Attorney-General and the grand jury desired. Had this been done, the court in its order of August

14, 1941, could have directed the respondent to obey the subpœna of June nineteenth, because the stay of June seventeenth would have been an act of the court suspending the operation of the subpœna process until the determination of the issue. Here the force of the subpœna of May twenty-eighth for June fifth in so far as appearance before the grand jury is concerned, has been exhausted and discharged by compliance with the terms thereof by the respondent.

As was said by our Court of Appeals in *Matter of Spector* v. *Allen* (281 N. Y. 251): " The grand jury is an arm of the court, but it is not the court. Its foreman has no authority to issue a ' mandate ' of the court within the meaning of section 750 of the Judiciary Law. * * * Neither oral direction of the district attorney nor oral clarification by the foreman of a grand jury can change or enlarge the command of the subpœna. The subpœna must be in writing, and only disobedience of the written command is subject to the drastic punishment meted out for a criminal contempt. * * * Disobedience only of mandates of the court given in accordance with the law are subject to such punishment. The command must be clear; disobedience must be willful. Guilt arises only when the authority of the court is flouted."

The court has carefully considered the authorities cited in the brief of the Attorney-General. It is significant that no citation is offered to show that the force of a subpœna may be continued beyond the day designated for appearance, where the witness has appeared and testified. The case of *People ex rel. Platt* v. *Rice* (144 N. Y. 249) deals with a writ of mandamus which was a continuing order, subject to the direction of the court; the case of *Rochester Lamp Co.* v. *Brigham* (1 App. Div. 490) has to do with an order for examination before trial, which was likewise a continuing order, subject to the further order of the court; the case of *Grant* v. *Greene* (121 App. Div. 756) also similarly involves an order for examination before trial. All of such orders are not self-limiting; obedience to them may involve many adjournments and collateral orders and proceedings, but their original force and validity remain unimpaired until subsequent order of the original or higher court. A subpœna, on the other hand, is self-limiting. Whoever issues it has the authority to determine in advance as to when and where the witness shall appear. When the subpœna is properly served, it must be obeyed to the full extent of its terms. When the witness fully obeys, then the subpœna has been complied with, and new terms may not be subsequently imposed or added by the issuer, or the Attorney-General, district attorney or grand jury. If further attendance of a witness is required, the law provides the means of obtaining it — the issuance

and service of another subpœna. Here the respondent Halleran obeyed the only command of the court which he received, the lawful mandate of subpœna which he fully obeyed on June 5, 1941. Since that date he has not been under lawful mandate; consequently there has been no disobedience and no contempt as contemplated by section 750 of the Judiciary Law.

The motion to punish the respondent is denied, and the respondent's motion to dismiss is granted.

Submit order.