J. Robert Lynch, J.
Petitioners are police officers of the City of Syracuse and were subpoenaed to appear before the extended May 1960 Grand Jury of Onondaga County which is investigating the possibility of bribery and corruption in the Police Department.
Each officer honored the subpoena by appearing, signed a waiver of immunity and was sworn. After answering a few perfunctory questions, he was then handed a financial questionnaire, asked to fill it out and return with it to the Grand Jury when he was next called.
Petitioners have not yet been recalled, but, in anticipation of it, seek now an order ‘ ‘ vacating and quashing the subpoenas insofar as they pertain to a 25-page mimeographed questionnaire that petitioners were directed to complete and return to the Grand Jury ”.
The questionnaire is 25 pages long, with 70 questions having many subdivisions calling for separate answers for each of 6 successive years, 1955 through 1960. The questions are complicated, sometimes redundant and often ambiguous. The court has no doubt that this is an oppressive use of the questionnaire method of examination (Matter of Cole [Reiss], 208 Misc. 697; cited with approval in People ex rel. Sillifant v. Sheriff, 6 N Y 2d 487) to be suppressed by the court upon proper application.
However, the instant application is premature.
The petitioners are not presently subject to or under the mandate of any subpoenas. The previous subpoena served on them was honored when each appeared in response to it. Another appearance would require another subpoena. An oral direction by the District Attorney or the Grand Jury would not constitute a valid subpoena. (Matter of Mullen v. Hallenan, 177 Misc. 734.)
Therefore, petitioners’ motion must be and hereby is dismissed.