OPINION OF THE COURT
Henderson W. Morrison, J.
TRW Credit Data, a division of TRW Inc. ("TRW”), is a consumer reporting agency as defined in the Fair Credit Reporting Act (General Business Law, § 380-a, subd [e]). As such, it is governed by the Fair Credit Reporting Act (General Business Law, art 25).
*941 TRW has been served with a Grand Jury subpoena duces tecum to produce "all credit reports” on two individuals.
TRW seeks to quash the subpoena on the ground that they are precluded from disclosing this information by reason of section 380-b of the General Business Law (New York Fair Credit Reporting Act) and section 1681b of title 15 of the United States Code (Federal Fair Credit Reporting Act). For the purposes of this motion, the relevant provisions of these acts are exactly the same.
The relevant provision of the New York Fair Credit Reporting Act is as follows:
"§ 380-b. Permissible dissemination of reports, (a) A consumer reporting agency may furnish a consumer report under the following circumstances and no other:
"(1) In response to the order of a court having jurisdiction to issue an order” (emphasis added).
The question presented on this motion is whether or not a Grand Jury subpoena duces tecum is a court order. Although Federal courts have faced this question, this appears to be an issue of first impression for this court, since no New York State court has specifically addressed this question.
In order to determine this question, it is necessary to examine an "order” and a "subpoena”.
Subpoena is defined in CPL 610.10 (subd 2) as follows: "2. A 'subpoena’ is a process of a court directing the person to whom it is addressed to attend and appear as a witness in a designated action or proceeding in such court, on a designated date and any recessed or adjourned date of the action or proceeding. If the witness is given reasonable notice of such recess or adjournment, no further process is required to compel his attendance on the adjourned date.”
A subpoena duces tecum is merely a subpoena requiring the witness to bring with him and produce specified physical evidence. (CPL 610.10, subd 3.)
An order on the other hand is a direction of a Judge and is a judicial act. It is a direction of a court or Judge. (60 CJS, Motions & Orders, § 1, p 5.)
It is obvious that the Grand Jury is not a Judge but is it a court?
Although it is true that a Grand Jury is an arm of the courts and its subpoenas are punishable by contempt, it has *942 been determined that the Grand Jury is not the court. (Spec-tor v Allen, 281 NY 251; Matter of Mullen, 177 Misc 734.)
The definition and general function of a Grand Jury are set forth in CPL 190.05 as follows: "Grand jury; definition and general functions. A grand jury is a body consisting of not less than sixteen nor more than twenty-three persons, impaneled by a superior court and constituting a part of such court, the functions of which are to hear and examine evidence concerning offenses and concerning misconduct, nonfeasance and neglect in public office, whether criminal or otherwise, and to take action with respect to such evidence as provided in section 190.60.” (Emphasis added.)
However, although a Grand Jury subpoena is a mandate of the court, a Grand Jury is not the court. (Spector v Allen, supra; Matter of Mullen, supra.)
Since the Grand Jury is only a part of the court and is not the court, it cannot issue an order. A subpoena is a court process and not an order, therefore a Grand Jury subpoena is not a court order.
The decision of Judge Ward in the case of Matter of Credit Information Corp. of N. Y. (457 F Supp 969) reaches a similar conclusion. That court found that a Grand . Jury subpoena is basically a tool of the prosecutor and is issued without any judicial participation and that to consider a Grand Jury subpoena an order of the court would be to ignore reality. In reviewing the definitions of subpoena and order and considering the role of the Grand Jury, this court must agree with that conclusion.
Since TRW cannot furnish to the Grand Jury the information requested without a court order and no order has been issued, the motion to quash the subpoenas duces tecum, dated October 31, 1978 and December 18, 1978, is in all respects granted.
The cross motion by the District Attorney to countersign or so order the Grand Jury subpoena is denied.
This court is without authority to "so order” a Grand Jury subpoena. However, CPL 610.20 (subd 1) grants to this court the authority to issue a subpoena. There is no prohibition against this court in issuing a subpoena pursuant to CPL 610.20 (subd 1) requiring attendance of a witness, and requiring that witness to produce books and records, before a Grand Jury. Since such a subpoena would involve judicial participa *943 tion and conforms to the definition of an order as herein stated, such a subpoena would be considered an order within the meaning of section 380-b of the General Business Law (New York Fair Credit Reporting Act).
Upon application by the District Attorney, this court will consider issuance of a subpoena under CPL 610.20 (subd 1) for the records requested. Such application should set forth what relevancy these records have to the investigation.