(56 Misc. Rep. 272.)

## In re GARDNER.

(Supreme Court, Special Term, Orange County. October 20, 1906.)

ATTORNEY AND CLIENT—SUMMARY REMEDY OF CLIENT.

Code Civ. Proc. § 2268, relative to proceedings to punish for contempt, provides that, where the offense consists of a neglect or refusal to pay money, the court may issue, without notice, a warrant to commit the offender until the money is paid. Section 2269 provides that where the case is one specified in sections 2267, 2268, and in any other case on being satisfied of the contempt, the court must either require accused to show cause or issue a warrant commanding his arrest. In a proceeding to compel an attorney to pay over moneys, begun by affidavit and order to show cause, on the attorney denying the collection of any money or that applicant was his client, an order was made referring the matter to a referee, and on his report an order was made, without service on the attorney of a copy of the report or notice of motion, not directing him to pay any money, but fining him the amount sought to be recovered and

costs, and committing him to jail for contempt until the same was paid. *Held*, that the order was unauthorized and void.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, §§ 264, 273.]

Proceeding by Cora Gardner to compel Andrew A. White, an attorney, to pay over certain moneys, begun by affidavit and order to show cause. An order having been entered that White be fined the amount sought to be recovered and costs, and committed as for contempt until the same was paid, White moved for a dismissal of the entire proceedings. Motion granted.

Wickham T. Shaw, for petitioner.

A. D. Wales, for respondent.

BETTS, J. On the 24th day of January, 1906, application herein was made to a Special Term of this court at Brooklyn on an affidavit of Cora Gardner reciting in substance that Andrew A. White, an attorney and counselor at law practicing his profession in the city of Binghamton, in this state, was employed by her in the year 1901 to collect certain moneys and demands due her from one Major amounting to the sum of $427.31, for her, and to pay one James Munn $250 thereof, and the balance to applicant, Gardner; that the full amount was collected, and only $25 paid to Munn, and $35 to the affiant, Gardner; and that the balance, amounting to $367.31, White refused to pay over, although the same had been demanded; and on this affidavit an order was made directing said White to pay to said Gardner, or to W. T. Shaw, her attorney, said $367.31, with interest from January 24, 1905, or show cause at the Special Term of this court at Goshen, February 10, 1906, why an attachment should not issue against him. This order was served upon White. He appeared as his attorney in person, filed certain preliminary objections to the motion, which being overruled, certain affidavits of said White were filed, in which he denied having been at any time the attorney in the matter referred to for the said Cora Gardner, or having ever collected any funds for her therein, or having ever made any payments to her on that account, or to any other person by her direction, and, farther, that no demand for payment of the money specified in the order was made upon him. Accompanying his affidavit was an affidavit of George W. Major, who it was alleged was to make the payments in question, and he stated that the contract in question was in possession of one H. H. Norton, a real estate agent, and that he (Major) was to make the payments to the said Norton, and did so, and received receipts for the payments, signed by said Norton, and that said White received some payments for said Norton when Norton was out of his office, but that the payments were indorsed on the contract by Norton. So on the hearing on the 10th of February, 1906, before the court at Goshen, the question of the relation of attorney and client between Mrs. Gardner and Mr. White was put squarely in issue by White's denial, and the fact of White's having collected anything for Mrs. Gardner was also denied by White and by Major, who was to and did make the payments in question. Upon this hearing an order of reference was made referring the matter to Thomas Watts to take proof as to the truth of the

facts and circumstances set forth in the affidavits upon which said order to show cause was granted, which was the affidavit of Cora Gardner, although an affidavit of her daughter was apparently attached to hers, but not recited in the order granted.

Subsequently hearings were had before Watts, the referee, and later, and on April 17th, Watts reported in substance that Cora Gardner and White, as her attorney and counsel, agreed that he should collect $395 from George W. Major, and pay to one Munn for Cora Gardner $250, and the balance thereof he should pay to Gardner; that White, as the attorney for the said Gardner, collected said $395, and $32 interest, making $427, paying to James Munn therefrom $50, and to Cora Gardner under said agreement $35, leaving in his hands $342, which sum he (the referee) found due to said Cora Gardner, and that White refused to pay the same over to her, and that in his opinion White was guilty of contempt of court. This report of the referee was not served upon White by Mrs. Gardner, or any one in her behalf; but upon it a notice of motion was made returnable at a Special Term held at New Rochelle, Westchester county, April 28, 1906, for confirmation of this report. An admission of service of a copy of this referee's report and notice of motion was signed by one John B. Swezey, claiming to act as attorney for Mr. White. The notice of motion even was not served on White. The papers submitted before me show that White had always signed the papers prior to this admission of service as attorney in person, and he alleges that Swezey was simply counsel for him, and had no authority to sign an admission of any kind. On this 28th day of April an attorney appeared for Mr. White and made various objections to the hearing of the motion at that time, and to the report, all of which were overruled, and an order was made, not confirming the referee's report, which was the relief asked, but reciting the facts found by the referee and reciting that, a copy of said report and the notice of this motion having been personally served more than 10 days before this date, it was "ordered and adjudged that the failure of the said Andrew A. White to pay said sum of money to the said Cora Gardner is a misconduct that was calculated to, and actually did, defeat, impair, impede, and prejudice the rights and remedies of the said Cora Gardner." It was further ordered "that a fine of $342 be and the same is hereby imposed upon the said Andrew A. White for his misconduct." And it was further ordered "that the said Andrew A. White pay to the said Cora Gardner the costs and expenses of these proceedings, amounting to the sum of $89, and the sheriff's fees as hereinafter mentioned." And it was further ordered "that the said Andrew A. White be and he is hereby directed to stand committed in the common jail of the county of Orange, there to remain in close custody, charged upon said contempt, until the fine imposed as aforesaid, together with the said costs and expenses, and the sheriff's fees herein or upon a warrant issued hereto, be fully paid, unless he shall be sooner discharged by this court."

Later application was made for a resettlement of this order, which was had, and eventually a commitment was issued, under which White was committed to the jail of the county of Steuben, from which he was taken by a writ of habeas corpus before the acting county judge of

Steuben county, and discharged by the acting county judge on the ground that he could not properly be held in these proceedings. This habeas corpus proceeding is reported. White v. Feenaughty, 51 Misc. Rep. 468, 101 N. Y. Supp. 700. A reference is had thereto for a more full and complete report of the various proceedings had in this matter and for the reasons there assigned by the court for the action then taken. The matter now comes before me on an application made in behalf of White for a dismissal of the entire proceedings brought by Mrs. Gardner against Mr. White; White alleging that in this proceeding the court never obtained jurisdiction either of his person or of the subject-matter herein involved.

The principal ground of his contention that no jurisdiction was obtained of the person or of the subject-matter is that from the date of the return of the original order it appeared to the court that White did not concede that any relation of attorney and client ever existed between him and Mrs. Gardner in this matter, and that in fact no such relation ever did exist, or that he had ever collected any money whatever for her and failed to pay the same over; that this proceeding is by its nature a very summary one, and that the only reason for its exercise by the courts is to preserve the dignity of the court and in a proper case to compel its officers (lawyers) to do their duty; that where the relation of attorney and client is not conceded to exist, and where the receipt of any money on the part of the attorney for the person claiming it is not conceded, the court cannot in the very nature of the matter obtain any jurisdiction; and that an attorney has the same right to have his day in court in the forum to which all litigants must come, and to be brought in by the method by which they must be brought into court for the purpose of determining the issues thus raised as any other person against whom relief is sought. It is also urged on behalf of White that he could not be held in contempt for refusing to pay over money to an alleged client without first being served with a copy of the order advising him of the amount; a demand being made and a reasonable opportunity being given him to comply with the terms of the order.

I have given some time to the examination of this case, and without passing upon or determining the validity of the order by which Mr. Watts was appointed referee herein, or the legal right of the court so to do, or whether the facts sworn to by Mrs. Gardner in her affidavit originally were sufficient to bring White into court in the summary manner in which he was brought in, or whether the evidence produced before the referee justified the report made, I have determined that there was no jurisdiction in the court to make the order of April 28, 1906, by which White was adjudged to be in contempt. I have not been cited by the attorney for Mrs. Gardner, nor have I been able to find, any statute or authority sanctioning the procedure herein had. An attorney is brought into court on an order to show cause why he should not pay over moneys alleged to have been collected for a client, based on the affidavit of the alleged client; and upon the attorney appearing in court and denying the collection of any money for said applicant, or the fact of the affiant being his client, an order is made referring to a referee the matter as to the proofs of the truth of the facts

contained in the original affidavit upon which the original order was founded, and upon the coming in of that report of that referee, without service upon the lawyer of a copy of the referee's report or notice of motion, an order is made, not directing him to pay certain moneys, but fining him the amount of the money and the costs of the proceedings, and committing him to jail for contempt. This cannot be done under any statute or precedent that I have been able to find. Bradbury v. Bliss, 23 App. Div. 606, 48 N. Y. Supp. 912; Goldie v. Goldie, 77 App. Div. 12, 79 N. Y. Supp. 268; McComb v. Weaver, 11 Hun, 271; Sandford v. Sandford, 40 Hun, 540; Code Civ. Proc. §§ 2268, 2269. The attorney in any event is entitled to have first served upon him a certified copy of the order directing him to pay a certain sum of money before any proceeding can be had against him for contempt for refusing or neglecting to pay it. This was not done in this case, and no pretense of doing so was made.

I therefore hold that the order adjudging him in contempt, and the various resettlements of the same, and the commitment issued herein, on which he was arrested, were invalid, void, and of no effect, and an order may be entered vacating and setting aside the same, with costs to White.