In the Matter of the Estate of FRANCISCO MERLLO, Deceased.

Surrogate's Court, Bronx County, July 25, 1934.

*Harry Fogler*, for the movant.

*Brown & Falkinburg*, for the administrator.

HENDERSON, S. The order directing the administrator to account was affirmed by the Appellate Division in the First Department, and motions for leave to appeal to the Court of Appeals have been denied in both courts.

Upon the return of the remittitur an order was entered making the order of the Appellate Division the order of this court.

Each order directed the administrator to render and file his account and a petition for its judicial settlement within thirty days after the service upon him or his attorney of a copy of the order with notice of entry thereof. More than thirty days have elapsed since the service of a copy of each order with notice of settlement thereof upon the attorney for the administrator, and no account has been filed. No copy, certified or uncertified, of either order has been served upon the administrator, but he had knowledge of each.

The petitioner now moves by order to show cause in the compulsory proceeding, for the administrator's punishment for contempt, alleging that because of such disobedience, the rights and remedies of the petitioner have been defeated, impaired, impeded and prejudiced.

The petitioner contends that the order to account is not a decree as defined by the pertinent statute (Surr. Ct. Act, § 78); that the administrator is bound thereby without service (Surr. Ct. Act, § 260), so that he may be punished for contempt upon willfully failing to comply therewith in like manner as willful disobedience to a similar order in the Supreme Court (Surr. Ct. Act, §§ 78 and 316), or in a court of record (Surr. Ct. Act, § 20, subd. 7); and that a court of record may punish for a criminal contempt willful disobedience to its lawful mandate (Judiciary Law, § 750, subd. 3). If the administrator had been served with a certified copy of the order, there could be no doubt that his disobedience thereof, under the allegations of the petitioner, would be punishable as a civil contempt (Judiciary Law, § 753, subd. 3; Surr. Ct. Act, § 84).

The proceeding in this court to compel an accounting is a special proceeding instituted by the filing of a petition praying for the judicial settlement of the respondent's account, and the issuance of a citation (Surr. Ct. Act, §§ 259 and 260). That the Legislature so intended is evidenced by the reference in the last sentence of section 260 to such a proceeding as " the special proceeding pending " and the direction therein that under certain circumstances " the two proceedings must be consolidated."

If the respondent in such a special proceeding files his account and a petition for the judicial settlement thereof at or before the return of such citation, there are two separate special proceedings which must be consolidated (Surr. Ct. Act, §§ 260 and 261); and the decree settling such account determines the rights of the parties to each proceeding.

If the respondent files his account, but fails to file a petition for its settlement, and there appears to be a distributable surplus, a supplemental citation may issue to all other interested persons (Surr. Ct. Act, § 260); and the decree settling such account determines the rights of the parties to the compulsory proceeding without the filing of any petition by the respondent.

If the respondent shows good cause why he should not file his account (Surr. Ct. Act, § 260), the rights of the parties to the compulsory proceeding are determined by a decree dismissing the petition on the merits or without prejudice to a similar proceeding at some future time.

If, however, the respondent fails to appear, or to file his account, or show good cause to the contrary, or to file, in a proper case, his voluntary petition, an " order " must be made, directing him to account (Surr. Ct. Act, § 260). That order terminates the special proceeding and is appealable. Upon a subsequent institution of a voluntary proceeding the two proceedings are not, and cannot, be consolidated because there is no pending proceeding. The " order " is neither an intermediate nor an interlocutory order, but does determine the rights of the parties to a special proceeding.

Therefore, the order herein is a " decree " within the definition of the statute (Surr. Ct. Act, § 78), although therein termed an " order; " and may be enforced by punishment for contempt only if a certified copy thereof has been served upon the respondent administrator (Surr. Ct. Act, § 84).

The statute provides that the respondent is bound by such order without service thereof (Surr. Ct. Act, § 260), but the effect of that provision is limited, as to punishment for contempt, by section 84. An administrator who willfully refuses, or, without good cause, neglects, to obey an order directing him to account, may have his letters revoked without previous service upon him of a copy of the order, but that relief may be granted only in a proceeding brought for that purpose on petition and citation (Surr. Ct. Act, § 40, subd. 2; § 99, subd. 3; §§ 100, 101 and 260).

The motion to punish for contempt is denied, without prejudice to another application for similar relief whenever the pertinent circumstances, prescribed therefor in section 84, are present.

Settle order accordingly.