FRANK CARD, Plaintiff, *v.* RAYMOND HOUGHTON, Defendant.

Supreme Court, Special Term, Broome County, October 9, 1942.

*Harry Kantor,* for plaintiff, in support of motion.

*V. H. & H. R. Multer* (*Vere H. Multer* of counsel), for defendant, appearing specially, in opposition to motion.

Deyo, J. The contempt herein alleged arises out of the failure of the judgment debtor to comply with the provisions of an order of this court directing installment payments, pursuant to the provisions of section 793 of the Civil Practice Act. This section provides that a failure to comply with an order such as was granted herein shall constitute a contempt "punishable civilly, in accordance with article nineteen of the judiciary law." Section 801 of the Civil Practice Act affords the same relief against a person who "neglects to obey an order or subpœna issued pursuant to any provision of this article and *duly served* upon him." (Italics supplied.) The statutes are silent as to what constitutes due service, and so far as I have been able to ascertain, this precise question has not been passed upon by any court since the enactment of section 793 in 1935. The defendant appears specially and contests the jurisdiction of the court on the ground that the basic order was not personally served upon him, it appearing that such service was attempted to be effected by mail. The courts have not been entirely uniform in their decisions as to the necessity of personal service of the underlying order or mandate in contempt proceedings. In discovery proceedings, such personal service has been held to be essential. (*Likay* v. *Gottesman,* 235 App. Div. 820.) Similar decisions have been reached in cases where a contempt was predicated upon the failure to obey a subpœna (*Matter of Spector* v. *Allen,* 281 N. Y. 251) and in matrimonial actions for non-payment of alimony. (*Miles* v. *Miles,* 235 App. Div. 706.) In proceedings brought in Surrogate's Court, personal service of orders directing restitution (*Matter of Strandburg,* 138 Misc. Rep. 732) and accountings (*Matter of Merllo,* 152 Misc. Rep. 435), has been held essential to satisfy the requirements of section 84 of the Surrogate's Court Act. In *Matter of Gardner* (56 Misc. Rep. 272) it was held that personal service of an order directing an attorney to pay over certain moneys was necessary. In cases concerning examinations before trial, personal service of the order directing the person to appear has been deemed essential. (*Tebo* v. *Baker,* 77 N. Y. 33.) See, also, *Grant* v. *Greene* (121 App. Div. 756), where the court stated, at page 757: "It must now be regarded as settled by judicial authority in this State that a party may not be punished for

contempt on account of his failure to obey an order which has not been personally served upon him  \*  \*  \*.'' On the other hand, the courts have held that the lack of personal service was not a bar to contempt proceedings in the case of an injunction (*People ex rel. Stearns* v. *Marr,* 181 N. Y. 463), and where an interlocutory judgment directing an accounting was involved (*Underhill* v. *Schenck,* 205 App. Div. 182). A similar decision was reached in the case of an order enforcing a decision of the State Labor Relations Board. (*Matter of N. Y. State Labor Rel. Board* v. *Wheeler,* 177 Misc. Rep. 945.) In these three cases, however, it was apparent that the person sought to be punished had full knowledge of the proceedings and had, in fact, taken part therein.

In supplementary proceedings, it has been consistently held that the order directing the person to appear for examination must be personally served (*Rapaport* v. *Dubrow,* 245 App. Div. 735) and, in fact, section 783 of the Civil Practice Act specifically directs that ''an injunction order, or an order or a subpœna requiring a person to attend and be examined, made as prescribed in this article, must be served by delivering to and leaving with the person named therein,'' etc.

The proceeding with which we are now concerned is, of course, a supplementary proceeding brought under article 45 of the Civil Practice Act. Orderly procedure would seem to dictate that the same requirements be observed as to service. There is no logical distinction, so far as contempt is concerned, between an order directing a judgment debtor to appear and one requiring him to make installment payments. Since it is well settled that personal service is essential in the one instance, I hold that it is equally essential in the other.

Motion to punish for contempt denied, without costs. Submit order accordingly.