John D. Bennett, S.
In this proceeding for a compulsory accounting brought on by the United States of America, the administratrix pleads a previous proceeding for the same relief between the same parties as a bar to the present proceeding before the court.
The deceased died on February 23, 1945, and letters were granted to the widow as administratrix on March 23, 1945. On November 1,1954, a petition in compulsory accounting was filed *590 by the United States of America, and jurisdiction was completed on November 24, 1954. Thereafter tire matter was continually adjourned some 23 times until upon the calendar call on January 29, 1958, the court directed from the Bench a voluntary accounting, or a 10-day order compelling an account would issue.
No voluntary accounting was filed by the administratrix under this direction. Nor did the United States of America or the administratrix proceed to procure a decree for a 10-day order to compel the filing of an account.
Subsequently, on March 28, 1960, a new petition to compel an accounting was filed with this court by the United States of America against this same administratrix and jurisdiction was completed on April 2,1960. Thereafter a new series of adjournments began and some 25 adjournments were obtained until, at the calendar call on June 5, 1963, the administratrix moved to dismiss this proceeding.
The administratrix cites section 260 of the Surrogate’s Court Act to the effect that once an order is made directing him to account, he is bound by such order without service thereof. Further that said order terminates the issues before the court (as to whether an accounting should be compelled), and the issues having been determined, the order precludes and bars the subsequent proceeding (Matter of Merllo, 152 Misc. 435).
There was no “ order ” or decree filed upon the direction of the court made from the Bench. There was no decision of the court in writing. The administratrix, as well as the petitioner, the United States of America, had the right to submit an order or decree upon the court’s direction, but did not do so.
Even were this court to consider the respondent’s motion as made under subdivision 3 of rule 106 of the Buies of Civil Practice, that there is another action pending between the same parties for the same cause, the respondent would not be entitled to the relief she requests as a notice of motion under that rule must be served within 20 days after service of the complaint or in a proceeding in the Surrogate’s Court service of a citation. The objection of the respondent is, therefore, dismissed.
The court in its discretion orders the two proceedings consolidated, and an order may be filed herein to that effect, and further orders that a voluntary accounting may be filed within 30 days or a 10-day order to compel an accounting will issue on 5 days ’ notice.